IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY INSURANCE CO., | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | CASE NO.: _____ |
| PARKING ENFORCEMENT SYSTEMS, INC.; ROBERT L. WITHERINGTON, JR., ROBERT L. CROOK, JR. and ANGELA R. PETERSON, Individually and on behalf of the estate of Adarius Jamare Peterson, deceased, | ) ) ) ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Progressive Specialty Insurance Co. ("Progressive") files this declaratory judgment to obtain a ruling on whether a commercial policy of insurance issued by Progressive provides coverage for the claims in a wrongful death suit filed against named insureds Parking Enforcement Systems, Inc. ("PES") and Robert L. Witherington, Jr. ("Witherington"). In addition, Progressive seeks a declaration that no coverage is afforded to Robert L. Crook, Jr. ("Crook"), who is not a named insured under the policy but has requested a defense as a putative additional insured, In support thereof, Progressive states as follows:

1.     Progressive is incorporated in the state of Ohio with its principal place of business in Ohio, and it is a citizen of Ohio.

2.     PES is a corporation incorporated in the state of Alabama with its place of business in Alabama, and it is a citizen of Alabama.

3.     Witherington is an adult citizen of the state of Alabama.

4.     Crook is an adult citizen of the state of Alabama.

5.     Angela R. Patterson ("Patterson") is an adult citizen of the state of Alabama.

6.     This action involves a controversy between a citizen of the state of Ohio on the one hand and citizens of the state of Alabama on the other hand and is wholly between citizens of different states.

7.     This Court has jurisdiction under 28 U.S.C. §§ 1332 and 2201 to render a declaratory judgment establishing the parties' rights under a contract of insurance. The amount in controversy for this wrongful death case exceeds the sum of $75,000, exclusive of interest and costs.

## THE UNDERLYING COMPLAINT

8.     The liability insurance coverage issue arises out of the underlying suit of *Angela R. Peterson, individually and on behalf of the estate of Adarius Jamare Peterson, deceased v. Parking Enforcement Systems, Inc., et al.*, 01-CV-2024-

903783 ("the underlying suit"). A true and correct copy of the complaint is attached as Exhibit A.

9.      The complaint alleges the following facts:

a.  "Robert Lee Witherington, in his capacity as an agent or employee of Parking Enforcement Systems, Inc. shot Adarius Peterson ("Peterson or decedent") in the chest multiple times, killing him instantly."  Complaint ¶ 1.

b.  "Robert L. Crook Jr. ("Crook") … owns and manages the property at 2608 5th Avenue South in Birmingham where PES operates its business and where Adarius Peterson was killed."  Complaint ¶ 6.

c. Adarius Peterson worked as a delivery driver for Encore Ranger located in The Waites which provided residential and business parking.  Complaint ¶ 9.

d. On September 29, 2022, Adarius Peterson was parked at the Waites between deliveries. Complaint ¶ 11.

e. A short while later PES towed Peterson's car to its lot. Complaint ¶ 12.

f. That same afternoon Peterson attempted to retrieve his car from PES at 2608 5th Avenue South in Birmingham, Alabama. Complaint ¶ 13.

g. Approximately one hour before his arrival, Witherington "engaged in a heated, expletive-laden argument" with a Birmingham woman at PES while she attempted to retrieve her impounded car. Complaint ¶¶ 14, 18.

h. Shortly, after Peterson's arrival at the PES premises, "an already agitated Witherington acting as an agent and employee of PES, shot Peterson in the chest multiple times killing him. Complaint ¶ 15.

10. The complaint alleges other instances of misconduct by PES and its employees, including flashing a gun at persons coming to retrieve their vehicles.

11. PES notified Progressive of the underlying suit and requested coverage under PES's Progressive commercial policy. Progressive is currently defending PES and Witherington under a reservation of rights.

12. Crook later provided notice and a demand for a defense as an additional insured. Progressive has advised Crook that he is not an additional insured on the Progressive policy and has declined to extend a defense.

## COVERAGE ISSUES

### A. Commercial Auto Liability Coverage Part

13. The Progressive policy issued to PES bears policy number 07896686 (the "Policy"). A true, correct, and certified copy of the policy is attached as Exhibit B. The policy contains both a commercial auto coverage part and a commercial general liability endorsement.

14.     The commercial auto liability coverage only applies to an "accident" resulting from use of an "insured auto" that causes "bodily injury" or "property damage." The insuring clause provides:[1]

**PART I—LIABILITY TO OTHERS**

The first paragraph in Part I—Liability To Others is deleted and replaced by the following:

Subject to the limits of liability, if **you** pay the premium for liability coverage, **we** will pay:
1. damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for **bodily injury**, **property damage**, and **covered pollution costs or expense**; and
2. punitive damages due for wrongful death;
for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of an **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

15.     The Policy contains the following definitions:

> "**Accident**" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage**.

16.     The allegations of the complaint do not allege an "accident" arising out the use of an "insured auto." Therefore, the suit does not come within the insuring clause, and there is no coverage under this coverage part.

17.     The commercial auto liability coverage also contains the following exclusion:

---

[1] Alabama Amendatory endorsement 4881 AL (02/19) amends the clause below to allow punitive damages for Alabama wrongful death claims.

EXCLUSIONS—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I—LIABILITY TO OTHERS.

Coverage under this Part I, including **our** duty to defend, does not apply to:

1. **Expected or Intended Injury**
   **Bodily injury** or **property damage** either expected by or caused intentionally by or at the direction of any **insured**.

18. The facts alleged in the complaint that decedent died because Witherington shot him multiple times in the chest with a gun asserts an expected or intended injury, so there is no coverage under the commercial auto liability coverage part for this additional reason.

## B. Commercial General Liability Endorsement

19. The grant of coverage under this part applies to "occurrences" (accidents) that result in "bodily injury" or "property damage":

### SECTION I – COVERAGES

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**Insuring Agreement**

1. **We** will pay those sums, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, that the **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend the **insured** against any **suit** seeking those damages. However, **we** will have no duty to defend the **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may, at **our** discretion, investigate any **occurrence** and settle any claim or **suit** that may result.

   ....

2. This insurance applies to **bodily injury** and **property damage** only if:
   a. The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**; and
   b. The **bodily injury** or **property damage** occurs during the policy period.

The policy defines "occurrence" as:

**ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT**

The following definitions are in addition to those found in the Commercial Auto Policy. Except as otherwise defined in this endorsement, terms appearing in boldface type, whether in the singular, plural or possessive, will have the following meanings:

10. "**Occurrence**" means an **accident**, happening or event, including continuous or repeated exposure to substantially the same general harmful conditions.

20. The injury alleged in the complaint did not result from accidental conduct, so there is no allegation of an occurrence necessary to trigger coverage.

21. This coverage part also contains the following exclusion that may bar coverage for the suit:

**EXCLUSIONS** - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.

Coverage under Coverage A does not apply to:

1. **Expected or Intended Injury**

   **Bodily injury** or **property damage** expected or intended from the standpoint of any **insured**. This exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

22. The facts alleged in the complaint that decedent died because Witherington shot him multiple times in the chest with a gun asserts an expected or intended injury, so there is no coverage under the commercial liability coverage part.

22.     Additionally, the commercial general liability coverage part has an exclusion for any injury which arises out of the use of a firearm:

**GENERAL POLICY EXCLUSIONS**

**The following exclusions are applicable to both Coverage A and Coverage B.**

This endorsement provides no coverage for the following:

….

8.  **Firearms**

This insurance does not apply to any claims, **suits**, accusations or charges, or any **loss**, cost, or expense, as a result of **bodily injury**, **property damage**, or **personal or advertising injury** arising out of the ownership, rental, maintenance, use or misuse of any firearms.

23.     Decedent's death resulted from Witherington using a firearm to shoot him several times in the chest, so this exclusion applies to bar coverage under commercial general liability endorsement.

24.     The general policy exclusions also contain an assault and battery exclusion:

6.  **Assault and/or Battery**

The coverage under this policy does not apply to any claim, **suit**, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any **insured** or **insured's** employees, patrons or any other person.

25. Decedent's death resulted from an assault and battery, so this exclusion also bars coverage under the commercial general liability endorsement.

26. For these reasons, there is no coverage under the Policy for this wrongful death suit arising out of decedent's death by gunshot.

**C.  Crook is not an insured nor is his claim for indemnification covered by the policy.**

27. Crook is not a named insured under the policy nor is he listed as a named additional insured.

28. Crook has claimed that he is entitled to coverage under the policy because of an indemnification agreement between PES and an entity known as "Greybarn, LLC," which is not a named insured or an additional insured under the policy.

29. Greybarn, LLC is not a defendant to the underlying action.

30. Crook is not a party to the indemnification agreement between Greybarn, LLC and PES.

31. The indemnification agreement does not entitle Crook to coverage under the policy as an insured.

32. The indemnification agreement does not qualify as an insured contract to create any obligation on the part of Progressive to defend or indemnify PES for Crook's claim for indemnification.

33.     To the extent that the indemnification agreement somehow requires PES to defend and indemnify Crook, the exclusions in the policy for expected and intended injury, use of a firearm, and assault and battery also preclude any coverage to Crook individually or to PES for Crook's claim for indemnification from PES. WHEREFORE, Progressive seeks a declaration that:

1.     No coverage exists under the Policy for the underlying suit for PES, Witherington or Crook;

2.     No coverage exists for Crook's claim for indemnification from PES;

3.     Progressive has no duty to defend PES, Witherington or Crook in the underlying case, and Progressive may withdraw its reservation of rights defense currently provided to PES and Witherington;

4.     Progressive has no duty to indemnify PES, Witherington, or Crook for any judgment or settlement of the underlying case; and

5.     Such other and further relief to which Progressive is entitled.

Respectfully submitted this the 30th day of April, 2025.

*/s/ Joseph L. Cowan, II*
JOSEPH L. COWAN, II (asb-3620-a61j)
R. BENJAMIN REARDON (asb-1469-j29e)
KATHERINE E.W. MANNING (asb-3893-d67v)
*Attorneys for Plaintiff Progressive Specialty Insurance Co.*

**OF COUNSEL:**

HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: (205) 324-4400
Facsimile: (205) 322-1163
Email: jcowan@handfirm.com
        brearden@handfirm.com
        kmanning@handfirm.com

## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

Parking Enforcement Systems, Inc.
c/o Christopher Andrew Mayer
2011 Oak Lane
Birmingham, AL 35226

Parking Enforcement Systems, Inc.
c/o Christopher A. Mayer
543 Harrier Road
Trussville, AL 35173

Robert Witherington
896 Hillcrest Road
Sylacauga, AL 35150

Robert L. Crook, Jr
3760 Montrose Road
Mountain Brook, AL 35213

Angela R. Peterson
c/o David L. Selby, II
Matthew J. Ford
Bailey & Glasser, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, AL 35244
dselby@baileyglasser.com
mford@baileyglasser.com

c/o Benjamin L. Crump
Ben Crump Law PLLC
122 South Calhoun Street
Tallahassee, FL 32301
court@bencrump.com

*/s/ Joseph L. Cowan, II*
OF COUNSEL