# EXHIBIT B



October 14, 2024
Policy Number: 07896686
Claim: 24-311833817

Progressive Specialty Insurance Company

I certify that each of the following is true regarding the attached records, to the best of my knowledge and belief:

1. I am an employee familiar with the manner and process in which these records are created and maintained by virtue of my duties and responsibilities;

2. The records were made at or near the time of the occurrences of the matters set forth by, or from information transmitted by, people with knowledge of those matters;

3. The records were kept in the course of regularly conducted business activity; and

4. It was the regular practice of the business activity to make the record.

*Mary Dearinger*



Named insured

PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number:  07896686**
Underwritten by:
Progressive Specialty Insurance Co
September 26, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023
Page 1 of  6

**progressivecommercial.com**
  **Online Service**
  Make payments, check billing activity, print
  policy documents, update your policy or
  check the status of a claim.

**1-800-895-2886**
  For customer service and claims service,
  24 hours a day, 7 days a week.

# Commercial Auto
# Insurance Coverage Summary
## This is your Declarations Page
## Your coverage has changed

Your coverage began on March 25, 2022 at 12:01 a.m.  This policy expires on March 25, 2023 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for an auto may not be combined with the limits for the same coverage on another auto, unless the policy contract allows the stacking of limits. The policy contract is form 6912 (02/19). The contract is modified by forms Z433 (04/08), 2372 (06/10), 1198 (07/16), Z438 (02/19), 2366 (02/11), 2367 (06/10), 4852AL (10/04), 4881AL (02/19) and Z228 (01/11).

The named insured organization type is a corporation.

## Policy changes effective  September 23, 2022

| | |
|---|---|
| Changes processed on: | September 23, 2022 2:31 p.m. |
| Premium change: | REDACTIONS A |
| Changes: | Executive Parking Services, Inc. has been added as an additional insured. |

The changes shown above will not be effective prior to the time the changes were requested.



# Outline of coverage

## Auto coverage part

| Description | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | REDACTIONS AP |
|   Bodily Injury and Property Damage Liability | $1,000,000 combined single limit | | |
| Uninsured/Underinsured Motorist | Rejected | | -- |
| Medical Payments | Rejected | | -- |
| On-Hook Legal Liability | | | REDACTIONS APPLI |
|   See Auto Coverage Schedule | | | |
| Garagekeepers Legal Liability | | | REDACTIONS A |
|   See Covered Location Schedule | | | |
| Comprehensive | | | REDACTIONS A |
|   See Auto Coverage Schedule | Limit of liability less deductible | | |
| Collision | | | REDACTIONS A |
|   See Auto Coverage Schedule | Limit of liability less deductible | | |
| **Subtotal policy premium** | | | REDACTIONS APPLIED |

## Commercial General Liability coverage part

| Description | Limits | Premium |
|---|---|---|
| Limited General Liability - Towing Services | $1,000,000/$2,000,000 | REDACTIONS |
|   Each Occurrence | $1,000,000 | |
|   General Aggregate | $2,000,000 | |
|   Products/Completed Operations Aggregate | $2,000,000 | included |
|   Personal and Advertising Injury | $1,000,000/any one person or organization | included |
|   Damage to Premises Rented to You | $100,000/any one premises | included |
|   Medical Expense | $5,000/any one person | included |
| **Subtotal policy premium** | | REDACTIONS AP |
| Blanket Additional Insured Fee | | REDACTIONS |
| Blanket Waiver of Subrogation Fee | | REDACTIONS |
| Additional Insured Fee | | REDACTIONS |
| **Total 12 month policy premium and fees** | | REDACTIONS APPLIED |

# Rated drivers

1. CHRISTOPHER MAYER
2. SCOTTY L CULBREATH
3. ROBERT WITHERINGTON
4. BRANDEN K AUSTIN
5. Cory D Eakin



Continued

## Auto coverage schedule

1. **2012 FORD F450**  Stated Amount: * $56,751 (including Permanently Attached Equip)
   VIN: **1FDFF4GT2CEB55247**  Garaging Zip Code: 35203  Radius: 50 miles
   Personal use: N   Body type: Tow Truck

| Liability Premium | Liability Premium |
|---|---|
| | REDACTIONS A |

| Physical Damage Premium | On-Hook Limit | On-Hook Deductible | On-Hook Premium | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | Auto Total |
|---|---|---|---|---|---|---|---|---|
| | $100,000 | $1,000 | REDACTIONS AP | $1,000 | REDACTIONS A | $1,000 | REDACTIONS A | REDACTIONS APPLI |

2. **2020 Ford F450**  Stated Amount: * $74,977 (including Permanently Attached Equip)
   VIN: **1FDUF4GT1LDA05031**  Garaging Zip Code: 35203  Radius: 50 miles
   Personal use: N   Body type: Tow Truck

| Liability Premium | Liability Premium |
|---|---|
| | REDACTIONS AP |

| Physical Damage Premium | On-Hook Limit | On-Hook Deductible | On-Hook Premium | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | Auto Total |
|---|---|---|---|---|---|---|---|---|
| | $100,000 | $1,000 | REDACTION | $1,000 | REDACTIONS APPL | $1,000 | REDACTIONS AP | REDACTIONS APPLIE |

3. **2022 RAM 4500**  Stated Amount: * $111,992 (including Permanently Attached Equip)
   VIN: **3C7WRKAL8NG159178**  Garaging Zip Code: 35203  Radius: 50 miles
   Personal use: N   Body type: Tow Truck

| Liability Premium | Liability Premium |
|---|---|
| | REDACTIONS AP |

| Physical Damage Premium | On-Hook Limit | On-Hook Deductible | On-Hook Premium | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | Auto Total |
|---|---|---|---|---|---|---|---|---|
| | $100,000 | $1,000 | REDACTIONS | $1,000 | REDACTIONS APPL | $1,000 | REDACTIONS AP | REDACTIONS APPL |

4. **2022 RAM 4500**  Stated Amount: * $105,000 (including Permanently Attached Equip)
   VIN: **3C7WRKAL2NG233422**  Garaging Zip Code: 35233  Radius: 50 miles
   Personal use: N   Body type: Tow Truck

| Liability Premium | Liability Premium |
|---|---|
| | REDACTIONS APPL |

| Physical Damage Premium | On-Hook Limit | On-Hook Deductible | On-Hook Premium | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | Auto Total |
|---|---|---|---|---|---|---|---|---|
| | $100,000 | $1,000 | REDACTIONS A | $1,000 | REDACTIONS A | $1,000 | REDACTIONS APPLIE | REDACTIONS APPLIE |

*A vehicle's stated amount should indicate its current retail value, including any special or permanently attached equipment.  In the event of a total loss, the maximum amount payable is the lesser of the Stated Amount or Actual Cash Value, less deductible.  Be sure to check stated amount at every renewal in order to receive the best value from your Progressive Commercial Auto policy.

## Covered location schedule

| | Location Limit | Each auto Deductible | Each occurrence Deductible |
|---|---|---|---|
| 1.  2608 5TH AVE SOUTH, BIRMINGHAM, AL 35233 | $50,000 | $500 | $2,500 |

## Premium discount

| Policy | |
|---|---|
| 07896686 | Paid In Full |


Continued

Form 6489 AL (07/20)

## Loss Payee information

| 1. | Loss Payee | Auto 2 | TCF EQUIP FINANCE |
| | | | 11100 WAYZATA BLVD |
| | | | MINNETONKA, MN 55305 |
| | | | 2020 Ford F450 (1FDUF4GT1LDA05031) |
| 2. | Loss Payee | Auto 3 | HUNTINGTON NATIONAL BANK |
| | | | 1405 XENIUM LANE PCC180 |
| | | | PLYMOUTH, MN 55441 |
| | | | 2022 RAM 4500 (3C7WRKAL8NG159178) |


Continued

## Additional Insured information

Blanket Additional Insured applies.

1.  Additional Insured

    BARBER CO INC
    27 INVERNESS CT
    BIRMINGHAM, AL 35242

2.  Additional Insured

    BIRMINGHAM REALTY C
    27 INVERNESS CT
    BIRMINGHAM, AL 35242

3.  Additional Insured

    CENTURY MGT DEV CO
    27 INVERNESS CT
    BIRMINGHAM, AL 35242

4.  Additional Insured

    GOERGE W BARBER JR
    27 INVERNESS CT
    BIRMINGHAM, AL 35242

5.  Additional Insured

    CITY OF BIRMINGHAM
    710 20TH ST NOR
    BIRMINGHAM, AL 35203

6.  Additional Insured

    CROOK REALTY
    2421 2ND AVE N
    BIRMINGHAM, AL 35203

7.  Additional Insured

    FIFTH AVE HOLDINGS
    1000 URBAN CNT
    BIRMINGHAM, AL 35242

8.  Additional Insured

    2ND AVE PARKING LLC
    27 INVERNESS CT
    BIRMINGHAM, AL 35242

9.  Additional Insured

    PSM Alabama Holdings LLC.
    3300 Publix Corporate Parkway
    Lakeland, FL 33811

10. Additional Insured

    Crosshaven Venture
    2200 Magnolia Avenue S, Suite 101
    Birmingham, AL 35205

11. Additional Insured

    Bayer Properties, L.L.C.
    2200 Magnolia Avenue S, Suite 101
    Birmingham, AL 35205

12. Additional Insured

    Regency Capital II, Inc.
    2200 Magnolia Avenue S, Suite 101
    Birmingham, AL 35205

13. Additional Insured

    TREA Riverchase Village LLC
    2200 Magnolia Avenue S, Suite 101
    Birmingham, AL 35205

14. Additional Insured

    Teacher Insurance and Annuity Association of America
    2200 Magnolia Avenue S, Suite 101
    Birmingham, AL 35205


Continued

Form 6489 AL (07/20)

| 15. | Additional Insured | PSM Allison Bonnett, LLC.<br>3300 Publix Corporate Parkway<br>Lakeland, FL 33811 |
| 16. | Additional Insured | Publix Alabama, LLC.<br>3300 Publix Corporate Parkway<br>Lakeland, FL 33811 |
| 17. | Additional Insured | Centennial Advisory Services, LLC<br>2200 Magnolia Avenue South, Suite 101<br>Birmingham, AL 35205 |
| 18. | Additional Insured | Executive Parking Services, Inc.<br>2101 6th Ave. N., Suite 114<br>Birmingham, AL 35203 |

## Waiver of Subrogation information

Blanket Waiver of Subrogation applies.

## Company officers

*Peter J. Arbet*

Secretary

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number: 07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
September 26, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

Executive Parking Services, Inc.
2101 6th Ave. N., Suite 114
Birmingham, AL 35203

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: September 23, 2022     Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



**Policy number:  07896686**

Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
August 29, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Mailing Address**

Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

# Additional insured endorsement

**1-800-895-2886**

For customer service, 24 hours a day,
7 days a week

## Name of Person or Organization

Centennial Advisory Services, LLC
2200 Magnolia Avenue South, Suite 101
Birmingham, AL 35205

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: August 26, 2022     Policy expiration date: March 25, 2023

Form 1198 (07/16)



**PARKING ENFORCEMENT SYSTEMS INC.**
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number: 07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
July 29, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

PSM Allison Bonnett, LLC.
3300 Publix Corporate Parkway
Lakeland, FL 33811

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

## All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: July 28, 2022          Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number:  07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
July 29, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

Publix Alabama, LLC.
3300 Publix Corporate Parkway
Lakeland, FL 33811

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: July 28, 2022        Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



**Policy number: 07896686**

Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
July 19, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Mailing Address**

Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

# Additional insured endorsement

**1-800-895-2886**

For customer service, 24 hours a day, 7 days a week

## Name of Person or Organization

TREA Riverchase Village LLC
2200 Magnolia Avenue S, Suite 101
Birmingham, AL 35205

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: July 18, 2022          Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number:** 07896686

Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
July 19, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**

Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**

For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

Teacher Insurance and Annuity Association of America
2200 Magnolia Avenue S, Suite 101
Birmingham, AL 35205

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: July 18, 2022          Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number:  07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
July 19, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

Regency Capital II, Inc.
2200 Magnolia Avenue S, Suite 101
Birmingham, AL 35205

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: July 18, 2022          Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number: 07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
July 19, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

Crosshaven Venture
2200 Magnolia Avenue S, Suite 101
Birmingham, AL 35205

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

## All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: July 18, 2022          Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



**Policy number: 07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
July 19, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

# Additional insured endorsement

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

## Name of Person or Organization

Bayer Properties, L.L.C.
2200 Magnolia Avenue S, Suite 101
Birmingham, AL 35205

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: July 18, 2022     Policy expiration date: March 25, 2023

Form 1198 (07/16)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



PARKING ENFORCEMENT
SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number: 07896686-6**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT
February 12, 2022
Policy Period: Mar 25, 2021 - Mar 25, 2022

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

PSM ALABAMA HOLDING
3300 PUBLIX COR
LAKELAND, FL 33811

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page**.

### Limit of Liability
**Bodily Injury**              Not applicable
**Property Damage**            Not applicable
**Combined Liability**         $1,000,000 each **accident**

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686-6
Issued to (Name of Insured): PARKING ENFORCEMENT
                              SYSTEMS INC.

Effective date of endorsement: 02/10/2022     Policy expiration date: 03/25/2022

Form 1198 (01/04)

Progressive
P.O. Box 94739
Cleveland, OH 44101



**Policy number:  07896686**

Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
February 9, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Mailing Address**

Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

# Additional insured endorsement

**1-800-895-2886**

For customer service, 24 hours a day,
7 days a week

## Name of Person or Organization

BARBER CO INC
27 INVERNESS CT
BIRMINGHAM, AL 35242

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: March 25, 2022       Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number:  07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
February 9, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

BIRMINGHAM REALTY C
27 INVERNESS CT
BIRMINGHAM, AL 35242

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: March 25, 2022          Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number:  07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
February 9, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

CENTURY MGT DEV CO
27 INVERNESS CT
BIRMINGHAM, AL 35242

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: March 25, 2022          Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number: 07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
February 9, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

GOERGE W BARBER JR
27 INVERNESS CT
BIRMINGHAM, AL 35242

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: March 25, 2022     Policy expiration date: March 25, 2023

Form 1198 (07/16)



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number: 07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
February 9, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

CITY OF BIRMINGHAM
710 20TH ST NOR
BIRMINGHAM, AL 35203

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

## All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: March 25, 2022        Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number: 07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
February 9, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

CROOK REALTY
2421 2ND AVE N
BIRMINGHAM, AL 35203

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: March 25, 2022        Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number:  07896686**
Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
February 9, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**
Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**
For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

FIFTH AVE HOLDINGS
1000 URBAN CNT
BIRMINGHAM, AL 35242

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

**Limit of Liability**

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

## All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: March 25, 2022         Policy expiration date: March 25, 2023

Form 1198 (07/16)

Progressive
P.O. Box 94739
Cleveland, OH 44101



PARKING ENFORCEMENT SYSTEMS INC.
2101 6TH AVE N STE 114
BIRMINGHAM, AL 35203

**Policy number:  07896686**

Underwritten by:
Progressive Specialty Insurance Co
Insured:
PARKING ENFORCEMENT SYSTEMS INC.
February 9, 2022
Policy Period: Mar 25, 2022 - Mar 25, 2023

**Mailing Address**

Progressive Specialty Insurance Co
PO Box 94739
Cleveland, OH 44101

**1-800-895-2886**

For customer service, 24 hours a day,
7 days a week

# Additional insured endorsement

## Name of Person or Organization

2ND AVE PARKING LLC
27 INVERNESS CT
BIRMINGHAM, AL 35242

This endorsement modifies insurance provided under the commercial auto policy and any endorsements thereto affording liability coverage.

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page** and showing liability coverage.

### Limit of Liability

| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each **accident** |

### All other terms, limits and provisions of this policy remain unchanged.

This endorsement applies to Policy Number: 07896686
Issued to (Name of Insured): PARKING ENFORCEMENT SYSTEMS INC.

Effective date of endorsement: March 25, 2022          Policy expiration date: March 25, 2023

Form 1198 (07/16)

# COMMERCIAL GENERAL LIABILITY ENDORSEMENT

Form Z433 (04/08)

<u>**COMMERCIAL GENERAL LIABILITY ENDORSEMENT**</u>

Various provisions in this endorsement restrict coverage. Read the entire endorsement carefully to determine **your** rights, duties, and what is and is not covered.

**We** agree with **you** that the following coverage is added to **your** Commercial Auto Policy:

**ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT**

The following definitions are in addition to those found in the Commercial Auto Policy. Except as otherwise defined in this endorsement, terms appearing in boldface type, whether in the singular, plural or possessive, will have the following meanings:

1. "**Advertisement**" means a notice that is broadcast or published to the general public or specific market segments about **your** goods, products or services for the purpose of attracting customers or supporters. **Advertisement** includes material placed on the Internet or on similar electronic means of communication; however, regarding Web sites, only that part of a Web site that is about **your** goods, products or services for the purpose of attracting customers or supporters is considered an **advertisement**.

2. "**Coverage territory**" means:
   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;
   b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in a. above; or
   c. All other parts of the world if the injury or damage arises out of:
      (i) Goods or products made or sold by **you** in the territory described in a. above;
      (ii) The activities of a person whose home is in the territory described in a. above, but who is away for a short time on **your** business; or
      (iii) Personal and advertising injury offenses that take place through the Internet or a similar electronic means of communication;

      provided that the **insured's** responsibility to pay damages is determined in a **suit** on the merits, in the territory described in a. above or in a settlement agreed to by **us**.

3. "**Executive officer**" means a person holding any of the officer positions created by **your** charter, constitution, bylaws, or any other similar governing document.

4. "**Fungi**" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

5. "**Hostile fire**" means a fire or explosion that is uncontrolled or breaks out from where it was intended to be.

6. "**Impaired property**" means tangible property, other than **your product** or **your work**, that cannot be used, or is less useful than intended by its manufacturer or designer, because:
   a. It incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or
   b. **You** have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:
   a. The repair, replacement, adjustment or removal of **your product** or **your work**; or
   b. **Your** fulfilling the terms of the contract or agreement.

7. "**Insured**" means:
   a. If **you** are designated on the **Declarations Page** as:
      (i) An individual: **you** and **your** spouse, but only with respect to the conduct of a business of which **you** are the sole owner.
      (ii) A partnership or joint venture: **you**. **Your** members, partners, and their spouses, are also **insureds**, but only with respect to the conduct of **your** business.
      (iii) A limited liability company: **you**. **Your** members are also **insureds**, but only with respect to the conduct of **your** business. **Your** managers are **insureds**, but only with respect to their duties as **your** managers.
      (iv) An organization other than a partnership, joint venture or limited liability company: **you**. **Your executive officers** and directors are also **insureds**, but only with respect to their duties as **your** officers or directors. **Your** stockholders are also **insureds**, but only with respect to their liability as stockholders.
      (v) A trust: **you**. **Your** trustees are also **insureds**, but only with respect to their duties as trustees.
   b. Each of the following is also an **insured**:
      (i) **Your** volunteer workers, but only while performing duties related to the conduct of **your** business.

    (ii) **Your** employees, other than **your executive officers** (if **you** are an organization other than a partnership, joint venture or limited liability company) or **your** managers (if **you** are a limited liability company), but only for acts within the scope of their employment by **you** or while performing duties related to the conduct of **your** business.

No employee or volunteer worker is an **insured** for:

    (a) **Bodily injury** or **personal and advertising injury**:

        (1) to **you**, to **your** partners or members (if **you** are a partnership or joint venture), to **your** members (if **you** are a limited liability company), to a co-employee while in the course of his or her employment or while performing duties related to the conduct of **your** business, or to **your** other volunteer workers while performing duties related to the conduct of **your** business;

        (2) to the spouse, child, parent, brother, or sister of the co-employee or volunteer worker as a consequence of paragraph (a)(1) above;

        (3) for which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in paragraphs (a)(1) or (a)(2) above; or

        (4) arising out of his or her providing or failing to provide professional health care services.

    (b) **Property damage** to property:

        (1) owned, occupied, or used by; or

        (2) rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by;

**you**, any of **your** employees, volunteer workers, any partner or member (if **you** are a partnership or joint venture), or any member (if **you** are a limited liability company).

    (iii) Any person (other than **your** employee or volunteer worker) or organization while acting as **your** real estate manager.

    (iv) Any person or organization having proper temporary custody of **your** property if **you** die, but only:

        (a) with respect to liability arising out of the maintenance or use of that property; and

        (b) until **your** legal representative has been appointed.

    (v) **Your** legal representative if **you** die, but only with respect to duties as such. That representative will have all **your** rights and duties under this endorsement.

c. Any organization **you** newly acquire or form, other than a partnership, joint venture or limited liability company, and over which **you** maintain ownership

or majority interest, if there is no other similar insurance available to the organization. However:

(i) Coverage under this provision is afforded only until the 90th day after **you** acquire or form the organization or the end of the policy period, whichever is earlier;

(ii) Coverage A – Bodily Injury and Property Damage Liability does not apply to **bodily injury** or **property damage** that occurred before **you** acquired or formed the organization; and

(iii) Coverage B – Personal and Advertising Injury Liability does not apply to **personal and advertising injury** arising out of an offense committed before **you** acquired or formed the organization.

No person or organization is an **insured** with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured on the **Declarations Page**.

8. "**Insured contract**", for purposes of this endorsement only, means:

a. A contract for a lease of premises. However, any portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to **you**, or while temporarily occupied by **you** with permission of the owner, is not an **insured contract**;

b. A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on, or within 50 feet of, a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement; and

f. That part of any other contract or agreement pertaining to **your** business (including an indemnification of a municipality in connection with work performed for that municipality) under which **you** assume the tort liability of another party to pay for **bodily injury** or **property damage** to a third person or organization. Tort liability, as referred to in this provision, means a liability that would be imposed by law in the absence of any contract or agreement.

However, this paragraph f. does not include that part of any contract or agreement:

(i) That indemnifies a railroad for **bodily injury** or **property damage** arising out of construction or demolition operations within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

(ii) That indemnifies an architect, engineer or surveyor for injury or damage aris-

ing out of:

    (a)  Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    (b)  Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

  (iii)  Under which the **insured**, if an architect, engineer or surveyor, assumes liability for injury or damage arising out of the **insured's** rendering or failure to render professional services, including those listed in (ii) above, and supervisory, inspection, architectural or engineering activities.

9.   "**Loading or unloading**" means the handling of property:

    a.  After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or **auto**;

    b.  While it is in or on an aircraft, watercraft or **auto**; or

    c.  While it is being moved from an aircraft, watercraft or **auto** to the place where it is finally delivered.

However, **loading or unloading** does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or **auto**.

10.  "**Occurrence**" means an **accident**, happening or event, including continuous or repeated exposure to substantially the same general harmful conditions.

11.  "**Personal and advertising injury**" means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

    a.  False arrest, detention, or imprisonment;

    b.  Malicious prosecution;

    c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.  Oral or written publication in any manner, including, but not limited to, e-mail, blogs, and other electronic publication, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.  Oral or written publication in any manner, including, but not limited to, e-mail, blogs, and other electronic publication, of material that violates a person's right of privacy;

f. The use of another's advertising idea in **your advertisement**; or

g. Infringing upon another's copyright, trademark, trade dress or slogan in **your advertisement**.

12. "**Products/completed operations hazard**":

a. Includes all **bodily injury** and **property damage** occurring away from premises **you** own or rent and arising out of **your product** or **your work** except:

(i) Injury or damage caused by products that are still in **your** physical possession; or

(ii) Work that has not yet been completed or abandoned. **Your work** will be deemed completed at the earliest of the following times:

(a) When all of the work called for in **your** contract has been completed;

(b) When all of the work to be done at the job site has been completed if **your** contract calls for work at more than one job site; or

(c) When that part of the work done at a particular job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b. Does not include **bodily injury** or **property damage** arising out of:

(i) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle, including an aircraft or watercraft, not owned or operated by **you**, and that condition was created by the **loading or unloading** of that vehicle by any **insured**; or

(ii) The existence of tools, uninstalled equipment, or abandoned or unused materials.

13. "**Property damage**", for purposes of this endorsement only, means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **occurrence** that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software,

including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices, or any other media which are used with electronically controlled equipment.

14. "**Silica**" means silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds.

15. "**Silica-related dust**" means a mixture or combination of silica and other dust or particles.

16. "**Suit**" means a civil proceeding involving allegations of damages because of **bodily injury**, **property damage** or **personal and advertising injury** to which this insurance applies.  **Suit** includes but is not limited to:
    a. An arbitration proceeding in which such damages are claimed and to which the **insured** must submit or does submit with **our** consent; or
    b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the **insured** submits with **our** consent.

17. "**Your product**" means:
    a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
        (i) **You**;
        (ii) Others trading under **your** name; or
        (iii) A person or organization whose business or assets **you** have acquired; and
    b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **Your product** includes:
    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your product**; and
    b. The providing of or failure to provide warnings or instructions.

    **Your product** does not include vending machines or other property rented to or located for the use of others but not sold.

18. "**Your work**" means:
    a. Work or operations performed by **you** or on **your** behalf; and
    b. Materials, parts or equipment furnished in connection with such work or op-

erations.

**Your work** includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work**; and

b. The providing of or failure to provide warnings or instructions.

## SECTION I – COVERAGES

### COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**Insuring Agreement**

1.  **We** will pay those sums, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, that the **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend the **insured** against any **suit** seeking those damages. However, **we** will have no duty to defend the **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may, at **our** discretion, investigate any **occurrence** and settle any claim or **suit** that may result.

    However:

    a. The amount **we** will pay for damages is limited as described in Section II – Limits Of Liability; and

    b. **Our** right and duty to defend ends when **we** have used up the applicable limit of liability in the payment of judgments or settlements under Coverages A and B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

2.  This insurance applies to **bodily injury** and **property damage** only if:

    a. The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**; and

    b. The **bodily injury** or **property damage** occurs during the policy period.

    Any **bodily injury** or **property damage**, whether such **bodily injury** or **property damage** is known or unknown, that first occurred prior to the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier), or that is, or alleged to be, in the process of occurring at the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier), even if the **occurrence** continues during this policy period, will be deemed to have occurred prior to the policy

period.  Any **bodily injury** or **property damage**, whether known or unknown, which is in the process of settlement, adjustment or **suit** as of the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier) will also be deemed to have occurred prior to the policy period.

**Bodily injury** or **property damage** that first occurs during this policy period includes any continuation, change or resumption of that **bodily injury** or **property damage** after the end of this policy period.

3.  Damages because of **bodily injury** or **property damage** include damages claimed by any person or organization for care, loss of services, or death resulting at any time from the **bodily injury**.

4.  In the event that a claim or **suit** seeks damages, some of which are covered and others of which are not covered by this policy, the **insured** must agree to a reasonable allocation of the costs and fees of defense, and the **insured** will be responsible for payment of the costs and fees to defend the damages or claims not covered by this policy.  This agreement shall be reached in writing and signed by the **insured** and **us** prior to the date when a responsive pleading to the claim or **suit** is filed on behalf of the **insured**.  In the absence of such agreement, **our** duty to defend will apply only to those specific portions of the **suit** that are covered.

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

Coverage under Coverage A does not apply to:

1.  **Expected or Intended Injury**

    **Bodily injury** or **property damage** expected or intended from the standpoint of any **insured**.  This exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

2. **Contractual Liability**

   **Bodily injury** or **property damage** for which the **insured** is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:
   a. That the **insured** would have in the absence of the contract or agreement; or
   b. Assumed in a contract or agreement that is an **insured contract**, provided the **bodily injury** or **property damage** occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an **insured contract**, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an **insured** are deemed to be damages because of **bodily injury** or **property damage**, provided:
      (i) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same **insured contract**; and
      (ii) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

3. **Liquor Liability**

   **Bodily injury** or **property damage** for which any **insured** may be held liable by reason of:
   a. Causing or contributing to the intoxication of any person;
   b. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
   c. Any statute, ordinance or regulation relating to the sale, gift, distribution, selling, or use of alcoholic beverages.

   This exclusion applies only if **you** are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

4. **Workers' Compensation and Similar Laws**

   Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

5. **Employer's Liability**

**Bodily injury** to:

a. An employee of any **insured** arising out of or within the course of:
   - (i) That employee's employment by any **insured**; or
   - (ii) Performing duties related to the conduct of any **insured's** business; or
b. The spouse, child, parent, brother or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:

a. Whether the **insured** may be liable as an employer or in any other capacity; and
b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the **insured** under an **insured contract**.

6. **Aircraft, Auto or Watercraft**

   **Bodily injury** or **property damage** arising out of:

   a. The ownership, maintenance, use, or entrustment to others of any aircraft, **auto** or watercraft owned or operated by, or rented, leased or loaned to, any **insured**; or
   b. Any **auto you** do not own, lease, hire, rent or borrow that is used in connection with **your** business.
   Use includes operation and **loading or unloading**.

   This exclusion applies even if the claims against any **insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **insured**, if the **occurrence** that caused the **bodily injury** or **property damage** involved the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or watercraft that is owned or operated by, or rented or loaned to, any **insured**.

   This exclusion does not apply to:

   a. A watercraft while ashore on premises **you** own or rent;
   b. A watercraft **you** do not own that is:
      - (i) Less than 26 feet long; and
      - (ii) Not being used to carry persons or property for a charge;
   c. Parking an **auto** on, or on the ways next to, premises **you** own or rent, pro-

vided the **auto** is not owned by, or rented or loaned to, **you** or the **insured**;

    d.    Liability assumed under any **insured contract** for the ownership, maintenance or use of aircraft or watercraft; or

    e.    **Bodily injury** or **property damage** arising out of:

        (i)    The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of **mobile equipment** if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or

        (ii)    The operation of any machinery or equipment listed in paragraph b. or c. of the definition of **auto**.

7.    **Mobile Equipment**

    **Bodily injury** or **property damage** arising out of:

    a.    The transportation of **mobile equipment** by an **auto** owned or operated by, or rented or loaned to, any **insured**; or

    b.    The use of **mobile equipment** in, while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

8.    **Damage to Property**

    **Property damage** to:

    a.    Property **you** own, rent, or occupy, including any costs or expenses incurred by **you**, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    b.    Premises **you** sell, give away, or abandon, if the **property damage** arises out of any part of those premises;

    c.    Property loaned to **you**;

    d.    Personal property in the care, custody or control of the **insured**;

    e.    That particular part of real property on which **you** or any contractors or subcontractors working directly or indirectly on **your** behalf are performing operations, if the **property damage** arises out of those operations; or

    f.    That particular part of any property that must be restored, repaired, or replaced because **your work** was incorrectly performed on it.

Paragraphs a., c., and d. of this exclusion do not apply to **property damage** (other than damage by fire) to premises, including the contents of such premises,

rented to **you** for a period of seven or fewer consecutive days. A separate limit of liability applies to Damage To Premises Rented To **You** as described in Section II –

Limits of Liability, subsection 6.

Paragraph b. of this exclusion does not apply if the premises are **your work** and were never occupied, rented or held for rental by **you**.

Paragraphs c., d., e., and f. of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph f. of this exclusion does not apply to **property damage** included in the **products/completed operations hazard**.

9. **Damage to Your Product**

   **Property damage** to **your product** arising out of it or any part of it.

10. **Damage to Your Work**

    **Property damage** to **your work** arising out of it or any part of it and included in the **products/completed operations hazard**.

    This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on **your** behalf by a subcontractor.

11. **Damage to Impaired Property or Property Not Physically Injured**

    **Property damage** to **impaired property** or property that has not been physically injured, arising out of:
    a. A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work**; or
    b. A delay or failure by **you** or anyone acting on **your** behalf to perform a contract or agreement in accordance with its terms.

    This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **your product** or **your work** after it has been put to its intended use.

12. **Recall of Products, Work or Impaired Property**

Damages claimed for any **loss**, cost or expense incurred by **you** or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
a.  **Your product**;
b.  **Your work**; or
c.  **Impaired property**;
if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

13. **Personal and Advertising Injury**

**Bodily injury** arising out of **personal and advertising injury**.

14. **Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media used with electronically controlled equipment.

Exclusions 3 through 14 under this Coverage A do not apply to damage by fire to premises while rented to **you** or temporarily occupied by **you** with permission of the owner.  A separate limit of liability applies to this coverage as described in Section II – Limits Of Liability.

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**Insuring Agreement**

1.  **We** will pay those sums, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, that the **insured** becomes legally obligated to pay as damages because of **personal and advertising injury** to which this insurance applies. **We** will have

the right and duty to defend the **insured** against any **suit** seeking those damages. However, **we** will have no duty to defend the **insured** against any **suit** seeking damages for **personal and advertising injury** to which this insurance does not apply.  **We** may, at **our** discretion, investigate any offense and settle any claim or **suit** that may result.  However:

a.   The amount **we** will pay for damages is limited as described in Section II – Limits Of Liability; and

b.   **Our** right and duty to defend end when **we** have used up the applicable limit of liability in the payment of judgments or settlements under Coverages A and B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

2.   This insurance applies to **personal and advertising injury** caused by an offense arising out of **your** business but only if the offense was committed in the **coverage territory** during the policy period.

**<u>EXCLUSIONS</u> - READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

Coverage under Coverage B does not apply to **personal and advertising injury**:

1.   **Knowing Violation of Rights of Another**

Caused by or at the direction of any **insured** with the knowledge that the act would violate the rights of another and would inflict **personal and advertising injury**.

2.   **Material Published with Knowledge of Falsity**

Arising out of oral or written publication of material, if published by or at the direction of the **insured** with knowledge of its falsity.

3.   **Material Published Prior to Policy Period**

Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

4. **Criminal Acts**

   Arising out of a criminal act committed by or at the direction of any **insured**.

5. **Contractual Liability**
   For any **loss** for which the **insured** has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the **insured** would have in the absence of the contract or agreement.

6. **Breach of Contract**

   Arising out of a breach of contract, except an implied contract to use another's advertising idea in **your advertisement**.

7. **Quality or Performance of Goods – Failure to Conform to Statements**

   Arising out of the failure of goods, products or services to conform to any statement of quality or performance made in **your advertisement**.

8. **Wrong Description of Prices**

   Arising out of the wrong description of price of goods, products or services stated in **your advertisement**.

9. **Insureds in Media and Internet Type Businesses**

   Committed by an **insured** whose business is:
   a. Advertising, broadcasting, publishing or telecasting;
   b. Designing or determining content of Web sites for others; or
   c. An Internet search, access, content or service provider.
   However, this exclusion does not apply to paragraphs 11.a., 11.b. and 11.c. of **personal and advertising injury** under the Additional Definitions Used In This Endorsement section.

   For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for **you** or others anywhere on the Internet is not, by itself, considered the business of advertising, broadcasting, publishing or telecasting.

10. **Infringement of Copyright, Patent, Trademark or Trade Secret**

Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in **your advertisement**, of copyright, trade dress or slogan.

11. **Electronic Chatrooms or Bulletin Boards**

Arising out of an electronic chatroom or bulletin board the **insured** hosts, owns, or over which the insured exercises control.

12. **Unauthorized Use of Another's Name or Product**

Arising out of the unauthorized use of another's name or product in **your** e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

**GENERAL POLICY EXCLUSIONS**

**The following exclusions are applicable to both Coverage A and Coverage B.**

This endorsement provides no coverage for the following:

1. **Asbestos**

**Bodily injury**, **property damage**, or **personal and advertising injury** directly or indirectly arising out of, resulting from, caused by, or contributed to by:
a. inhaling, ingesting, or prolonged physical exposure to asbestos or goods or products containing asbestos;
b. the use of asbestos in constructing or manufacturing any good, product or structure;
c. the removal of asbestos from any good, product or structure; or
d. the manufacture, transportation, storage or disposal of asbestos or goods or products containing asbestos.
This exclusion includes, but is not limited to, any cost for investigation, defense, abatement, mitigation, removal or disposal of asbestos or asbestos-containing materials.

2. **Lead**

   **Bodily injury**, **property damage**, or **personal and advertising injury** directly or indirectly arising out of, resulting from, caused by, or contributed to by lead or any lead-based product or any exposure or contamination of any person or property due to such lead or lead-based product.  This exclusion includes, but is not limited to, any cost for abatement, mitigation, removal or disposal of paint, plumbing solder, pipes and fixtures or other items containing lead.

3. **Fungi or Bacteria**

   **Bodily injury**, **property damage**, or **personal and advertising injury** which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any **fungi** or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently with, or in any sequence to, such injury or damage.

   This coverage also does not apply to any **loss**, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of, **fungi** or bacteria by any **insured** or by any other person or entity.

   This exclusion does not apply to any **fungi** or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

4. **Silica or Silica-Related Dust**

   a. **Bodily injury**, **property damage**, or **personal and advertising injury** arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, **silica** or **silica-related dust**.

   b. Any **loss**, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, **silica** or **silica-related dust** by any **insured** or by any other person or entity.

5. **Employment-Related Practices**

**Bodily injury** or **personal and advertising injury** to:
a. A person arising out of any:
    (i) Refusal to employ that person;
    (ii) Termination of that person's employment; or
    (iii) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or
b. The spouse, child, parent, brother or sister of that person as a consequence of **bodily injury** to that person at whom any of the employment-related practices described in paragraphs (i), (ii), or (iii) above is directed.

This exclusion applies:
a. Whether the **insured** may be liable as an employer or in any other capacity; and
b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

6. **Assault and/or Battery**

The coverage under this policy does not apply to any claim, **suit**, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any **insured** or **insured's** employees, patrons or any other person.

7. **Sexual Abuse and/or Molestation**

The coverages under this policy do not apply to **bodily injury**, **property damage**, or **personal and advertising injury** arising out of:
a. The actual or threatened abuse or molestation of, or licentious, immoral or sexual behavior directed at, any person, whether or not intended to lead to, or culminating in, any sexual act, by or at the instigation or direction of, or through any omission by, any **insured**, his or her employees, or any other person; or
b. The actual or alleged transmission of any communicable disease.
Abuse includes, but is not limited to, negligent or intentional infliction of physical, emotional or psychological injury or harm.

8. **Firearms**

   This insurance does not apply to any claims, **suits**, accusations or charges, or any **loss**, cost, or expense, as a result of **bodily injury**, **property damage**, or **personal or advertising injury** arising out of the ownership, rental, maintenance, use or misuse of any firearms.

9. **War**

   **Bodily injury**, **property damage**, or **personal or advertising injury** due to war, whether declared or undeclared, civil war, insurrection, rebellion, revolution, or to any act or condition incident to any of these.

10. **Pollution**

    **Bodily injury**, **property damage**, or **personal or advertising injury** that would not have occurred in whole or in part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of **pollutants** at any time.

    This includes any **loss**, cost, or expense arising out of any:
    a. Request, demand, order, or statutory or regulatory requirement that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to or assess the effects of, **pollutants**; or
    b. Claim or **suit** by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, or neutralizing, or in any way responding to or assessing the effects of, "**pollutants**".

11. **Nuclear Energy Liability**

    a. **Bodily injury** or **property damage**:
       (i) With respect to which an **insured** under the policy is also an **insured** under a nuclear energy liability policy issued by the Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, the Nuclear Insurance Association of Canada or any of their successors, or would be an **insured** under any such policy but for its termination upon exhaustion of its limit of liability; or
       (ii) Resulting from the **hazardous properties** of **nuclear material** and with

respect to which:

(a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof; or

(b) the **insured** is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

b. **Bodily injury** resulting from the **hazardous properties** of **nuclear material** and arising out of the operation of a **nuclear facility** by any person or organization.

c. **Bodily injury** or **property damage** resulting from **hazardous properties** of **nuclear material**, if:

(i) The **nuclear material**:

(a) is at any **nuclear facility** owned by, or operated by or on behalf of, an **insured**; or

(b) has been discharged or dispersed from any **nuclear facility** owned by, or operated by or on behalf of, an **insured**.

(ii) The **nuclear material** is contained in **spent fuel** or **waste** at any time possessed, handled, used, processed, stored, transported, or disposed of, by or on behalf of an **insured**; or

(iii) The **bodily injury** or **property damage** arises out of the furnishing by an **insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility**, but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion (iii) only applies to **property damage** to such **nuclear facility** and any property threat.

d. When used in this exclusion:

(i) **Hazardous properties** includes radioactive, toxic or explosive properties.

(ii) **Nuclear material** means **source material**, **special nuclear material**, or **by-product material**.

(iii) **Source material**, **special nuclear material**, and **by-product material** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

(iv) **Spent fuel** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a **nuclear reactor**.

(v) **Waste** means any waste material:

(a) containing **by-product material** other than the tailings or wastes

produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its **source material** content; and

(b) resulting from the operation by any person or organization of any **nuclear facility** included under the first two paragraphs of the definition of **nuclear facility**.

(vi) **Nuclear facility** means:

(a) Any **nuclear reactor**;

(b) Any equipment or device designed or used for:

(1) separating the isotopes of uranium or plutonium;

(2) processing or utilizing **spent fuel**; or

(3) handling, processing or packaging **waste**;

(c) Any equipment or device used for the processing, fabricating or alloying of **special nuclear material** if at any time the total amount of such material in the custody of the **insured** at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; or

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of **waste**;

and includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations.

(vii) **Nuclear reactor** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

(viii) **Property damage** includes all forms of radioactive contamination of property.

## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

1. **We** will pay, with respect to any claim **we** investigate or settle, or any **suit** against an **insured we** defend:

a. All expenses **we** incur.

b. Up to $250 for the cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage under this policy applies. **We** do not have to furnish these bonds.

c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. **We** do not have to furnish these bonds.

d. All reasonable expenses incurred by the **insured** at **our** request to assist **us** in the investigation or defense of the claim or **suit**, including actual loss of earnings up to $250 a day because of time off from work.

e. All costs taxed against the **insured** in the **suit**.

f. Prejudgment interest awarded against the **insured** on the part of the judgment **we** pay. If **we** make an offer to pay the applicable limit of insurance, **we** will not pay any prejudgment interest based on that period of time after the offer.

g. All interest on the full amount of any judgment that accrues after entry of the judgment and before **we** have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of liability.

These payments will not reduce the limits of liability.

2. If **we** defend an **insured** against a **suit** and an indemnitee of the **insured** is also named as a party to the **suit**, **we** will defend that indemnitee if all of the following conditions are met:

a. The **suit** against the indemnitee seeks damages for which the **insured** has assumed the liability of the indemnitee in a contract or agreement that is an **insured contract**;

b. This insurance applies to such liability assumed by the **insured**;

c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the **insured** in the same **insured contract**;

d. The allegations in the **suit** and the information **we** know about the **occurrence** are such that no conflict appears to exist between the interests of the **insured** and the interests of the indemnitee;

e. The indemnitee and the **insured** ask **us** to conduct and control the defense of that indemnitee against such **suit** and agree that **we** can assign the same counsel to defend the **insured** and the indemnitee; and

f. The indemnitee:

(i) Agrees in writing to:

(a) Cooperate with **us** in the investigation, settlement or defense of the **suit**;

(b) Immediately send **us** copies of any demands, notices, summonses or legal papers received in connection with the **suit**;

(c) Notify any other insurer whose coverage is available to the indemnitee; and

(d) Cooperate with **us** with respect to coordinating other applicable insurance available to the indemnitee; and

(ii) Provides **us** with written authorization to:

(a) Obtain records and other information related to the **suit**; and

(b)  Conduct and control the defense of the indemnitee in such **suit**.

So long as the above conditions are met, attorney fees incurred by **us** in the defense of that indemnitee, necessary litigation expenses incurred by **us**, and necessary litigation expenses incurred by the indemnitee at **our** request, will be paid as Supplementary Payments.  Notwithstanding the provisions of Exclusion 2.b.(ii) of Section I – Coverage A – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for **bodily injury** and **property damage** and will not reduce the limits of liability.

**Our** obligation to defend an **insured's** indemnitee and pay attorney fees and necessary litigation expenses as Supplementary Payments ends when:

a.   **We** have used up the applicable limit of liability in the payment of judgments or settlements; or

b.   The conditions set forth above, or the terms of the agreement described in paragraph f. above, are no longer met.

## COVERAGE C – MEDICAL PAYMENTS

**Insuring Agreement**

1.   **We** will pay medical expenses as described below for **bodily injury** caused by an **accident**:

a.   On premises **you** own or rent;

b.   On ways next to premises **you** own or rent; or

c.   Because of **your** operations;

provided that:

a.   The **accident** takes place in the **coverage territory** and during the policy period;

b.   The expenses are incurred and reported to **us** within one year of the date of the **accident**; and

c.   The injured person submits to examination, at **our** expense, by physicians of **our** choice as often as **we** may reasonably require.

2.   **We** will make these payments regardless of fault.  These payments will not exceed the applicable limit of liability.  **We** will pay reasonable expenses for:

a.   First aid administered at the time of an accident;

b.   Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

c.   Necessary ambulance, hospital, professional nursing and funeral services.

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

**We** will not pay expenses for **bodily injury**:

1. **Any Insured**

   To any **insured**.

2. **Hired Person**

   To a person hired to do work for, or on behalf of, any **insured** or a tenant of any **insured**.

3. **Injury on Normally Occupied Premises**

   To a person injured on that part of premises **you** own or rent that the person normally occupies.

4. **Workers' Compensation and Similar Laws**

   To a person, whether or not an **employee** of any **insured**, if benefits for the **bodily injury** are payable or must be provided under a workers' compensation, disability benefits, or unemployment law, or any similar law.

5. **Athletic Activities**

   To a person injured while practicing, instructing, or participating in any physical exercises or games, including any type of sport or athletic contest.

6. **Products/Completed Operations Hazard**

   Included within the **products/completed operations hazard**.

7. **Coverage A Exclusions**

   To a person if the **bodily injury** would be excluded under Coverage A.

8. **War**

Due to war, whether or not declared, or any act or condition incident to war.  War includes civil war, insurrection, rebellion or revolution.

### SECTION II – LIMITS OF LIABILITY

1. The Limits of Liability shown on the **Declarations Page** and the rules below establish the most **we** will pay regardless of the number of:
   a. **Insureds**;
   b. Claims made or **suits** brought: or
   c. Persons or organizations making claims or bringing **suits**.
2. The General Aggregate Limit is the most **we** will pay for the sum of:
   a. Medical expenses under Coverage C;
   b. Damages under Coverage A, except damages because of **bodily injury** or **property damage** included in the **products/completed operations hazard**; and
   c. Damages under Coverage B.
3. The Products/Completed Operations Aggregate Limit is the most **we** will pay under Coverage A for damages because of **bodily injury** and **property damage** included in the **products/completed operations hazard**.
4. Subject to paragraph 2. above, the Personal and Advertising Injury Limit is the most **we** will pay under Coverage B for the sum of all damages because of all **personal and advertising injury** sustained by any one person or organization.
5. Subject to paragraph 2. or 3. above, whichever applies, the Each Occurrence Limit is the most **we** will pay for the sum of:
   a. Damages under Coverage A; and
   b. Medical expenses under Coverage C;
   because of all **bodily injury** and **property damage** arising out of any one **occurrence**.
6. Subject to paragraph 5. above, the Damage To Premises Rented To **You** Limit is the most **we** will pay under Coverage A for damages because of **property damage** to any one premises while rented to **you**, or in the case of damage by fire, while rented to **you** or temporarily occupied by **you** with permission of the owner.
7. Subject to paragraph 5. above, the Medical Expense Limit is the most **we** will pay under Coverage C for all medical expenses because of **bodily injury** sustained by any one person.

The Limits of Liability of this policy apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown on the **Declarations Page**, unless the policy

period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Liability.

### <u>SECTION III – COMMERCIAL GENERAL LIABILITY</u>
### <u>PROVISIONS AND CONDITIONS</u>

The following provisions and conditions apply to this endorsement, and are in addition to the General Provisions of the Commercial Auto Policy, and to any schedules, endorsements, or modifications thereto:

1. **Legal Action Against Us**

   No person or organization has a right under this endorsement:
   a. To join **us** as a party or otherwise bring **us** into a **suit** asking for damages from an **insured**; or
   b. To sue **us** on this endorsement unless all of its terms have been fully complied with.

   A person or organization may sue **us** to recover on an agreed settlement or on a final judgment against an **insured**, but **we** will not be liable for damages that are not payable under the terms of this endorsement or that are in excess of the applicable limit of liability.  An agreed settlement means a settlement and release of liability signed by **us**, the **insured**, and the claimant or the claimant's legal representative.

2. **Other Insurance**

   If other valid and collectible insurance is available to the **insured** for a **loss we** cover under Coverage A or B of this policy, **our** obligations are limited as follows:

   a. Primary Insurance
      This insurance is primary except when section b. below applies.  If this insurance is primary, **our** obligations are not affected unless any of the other insurance is also primary.  Then, **we** will share with all that other insurance by the method described in section c. below.

   b. Excess Insurance

      When this insurance applies, it is excess over:

(i) Any other insurance, whether primary, excess, contingent or on any other basis:

    (a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for **your work**;

    (b) That is Fire insurance for premises rented to **you** or temporarily occupied by **you** with permission of the owner;

    (c) That is insurance purchased by **you** to cover **your** liability as a tenant for **property damage** to premises rented to **you** or temporarily occupied by **you** with permission of the owner; or

    (d) If the **loss** arises out of the maintenance or use of an **auto**, aircraft or watercraft to the extent not subject to Exclusion 6 of Section I – Coverage A – Bodily Injury And Property Damage Liability.

(ii) Any other primary insurance available to **you** covering liability for damages arising out of the premises or operations for which **you** have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, **we** will have no duty under Coverages A and B to defend the **insured** against any **suit** if any other insurer has a duty to defend the **insured** against that **suit**.  If no other insurer defends, **we** will undertake to do so, but **we** will be entitled to the **insured's** rights against all those other insurers.

When this insurance is excess over other insurance, **we** will pay only **our** share of the amount of the **loss**, if any, that exceeds the sum of:

(i) The total amount that all such other insurance would pay for the **loss** in the absence of this insurance; and

(ii) The total of all deductible and self-insured amounts under all that other insurance.

**We** will share the remaining **loss**, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Liability shown on the **Declarations Page** of this policy.

c. Method of Sharing

If all of the other insurance permits contribution by equal shares, **we** will follow this method also.  Under this approach, each insurer contributes equal amounts until it has paid its applicable limit of liability or none of the **loss**

remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, **we** will contribute by limits.  Under this method, each insurer's share is based on the ratio of its applicable limit of liability to the total applicable limits of liability of all insurers.

3.  **Premium Audit**

    a.  **We** will compute all premiums for this policy in accordance with **our** rules and rates.
    b.  Premium shown in this policy as advance premium is a deposit premium only.  At the close of each audit period **we** will compute the earned premium for that period.  Audit premiums are due and payable on notice to the first Named Insured.  If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, **we** will return the excess to the first Named Insured.
    c.  The first Named Insured must keep records of the information **we** need for premium computation, and send **us** copies at such times as **we** may request.

4.  **Representations**

    By accepting this policy, **you** agree:
    a.  The information on the **Declarations Page** is accurate and complete;
    b.  Such information is based upon representations **you** made to **us**; and
    c.  **We** have issued this policy in reliance upon **your** representations.

5.  **When We Do Not Renew**

    If **we** decide not to renew this policy, **we** will mail or deliver to the first Named Insured shown on the **Declarations Page** written notice of nonrenewal not less than 30 days before the policy expiration date.  If notice is mailed, proof of mailing will be sufficient proof of notice.

6.  **When You Become Ineligible for Coverage**

    This Commercial General Liability Endorsement has been made available to **you** based upon representations made by **you** concerning the profile of **your** business.  If at any time **your** business profile changes

so that it no longer fits **our** underwriting criteria for this coverage, this Commercial General Liability Endorsement will be cancelled. **We** will provide notice of the cancellation of this coverage not less than 30 days before the effective date of the cancellation. If notice is mailed, proof of mailing will be sufficient proof of notice.

7. **Examination of Your Books and Records**

**We** may examine and audit **your** books and records as they relate to this policy at any time during the policy period and up to three years afterward.

8. **Inspections and Surveys**

**We** have the right to but are not obligated to:
a.   Make inspections and surveys at any time:
b.   Provide **you** reports on the conditions **we** find; and
c.   Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. **We** do not:
a.   Make safety inspections;
b.   Undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public; or
c.   Warrant that conditions are safe or healthful, or that they comply with laws, regulations, codes or standards.

The above provision applies to **us** and to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

9. **Premiums**

The first Named Insured shown on the **Declarations Page**:
a.   Is responsible for the payment of all premiums; and
b.   Will be the payee for any return premiums **we** pay.

10. **Knowledge and Notice of Occurrence**

It is agreed that knowledge of an **occurrence** or offense by an agent, servant or employee of the **insured** shall not constitute knowledge by the **insured** unless

the corporate risk manager shall have received such notice.

It is also agreed that if the **insured** reports an **occurrence** or offense to its workers' compensation carrier that develops into a liability claim, failure to report such **occurrence** or offense to **us** at the time of the **occurrence** or offense shall not be deemed in violation of Your Duties in the Event of an Accident, Claim, Loss or Suit.

11. **Headings and Subheadings**

The headings and subheadings in this policy and any endorsements or schedules attached thereto are included solely to aid the reader and do not affect the terms of this policy.

Form 2372 (06/10)

## LIMITED GENERAL LIABILITY - TOWING SERVICES ENDORSEMENT

This endorsement modifies insurance provided under the Commercial General Liability coverage form.

If **your declarations page** shows Limited General Liability, and this form number shows on the attachment line, then the Commercial General Liability coverage form is modified as follows:

**GENERAL POLICY EXCLUSIONS**

**The following exclusion is applicable to both Coverage A and Coverage B.**

This endorsement provides no coverage for the following:

12. **Non-Towing Services**

    **Bodily injury**, **property damage**, or **personal or advertising injury** arising out of any "**non-towing services**" or suffered by any person present at the **insured's** premises for reasons that, principally, are not related to the conduct of the **insured's** towing, roadside assistance, or storage lot operations. For purposes of this exclusion, "**non-towing services**" means:
    (a) any motor vehicle service or repair operations performed at the **insured's** location;
    (b) conduct of any business that is not a necessary part of the **insured's** towing, roadside, or storage lot operations; or
    (c) use of the **insured's** property for any non-business activities, such as, for example, a residence.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

1781 AL 0219



# ALABAMA
## COMMERCIAL AUTO FORMS

**PLEASE READ YOUR POLICY AGREEMENT CAREFULLY.**
Provisions of this Agreement and its endorsements restrict coverage. Be certain you understand all of the coverage terms, the exclusions, and your rights and duties.

**All forms in the endorsement section do not automatically pertain to your policy.**
Please refer to your declarations page for form numbers associated with your policy. Only those endorsements whose form numbers appear on your declarations page apply to your policy. All other parts of the policy that have not been modified by an endorsement will remain unchanged.

This booklet contains Form 6912 (02/19) and a section of optional endorsements.



## COMMERCIAL AUTO POLICY

## INDEX OF POLICY PROVISIONS

**PAGE**

**DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS** .......................................................... 1

**GENERAL DEFINITIONS** .......................................................................................................... 2

**PART I—LIABILITY TO OTHERS**
Insuring Agreement—Liability To Others ............................................................................... 6
Additional Definitions Used in This Part Only ...................................................................... 6
Additional Payments ................................................................................................................ 9
Out-Of-State Coverage Extension .......................................................................................... 9
Exclusions ............................................................................................................................... 10
Limit of Liability ...................................................................................................................... 13

**PART II—DAMAGE TO YOUR AUTO**
Insuring Agreement—Collision Coverage ........................................................................... 15
Insuring Agreement—Comprehensive Coverage ............................................................... 15
Insuring Agreement—Fire and Theft with Combined
   Additional Coverage (CAC) ............................................................................................... 16
Additional Coverage ............................................................................................................... 16
Additional Payments .............................................................................................................. 17
Additional Definition Used in This Part Only ...................................................................... 17
Exclusions ............................................................................................................................... 18
Limit of Liability ...................................................................................................................... 19
Deductible ................................................................................................................................ 21
Salvage ..................................................................................................................................... 22
No Benefit to Bailee ............................................................................................................... 22
Appraisal .................................................................................................................................. 22
Payment of Loss ..................................................................................................................... 23
Loss Payee Agreement .......................................................................................................... 23

**GENERAL PROVISIONS** .......................................................................................................... 23

# COMMERCIAL AUTO POLICY

If **you** pay **your** premium when due, **we** will provide the insurance described in this policy⊠

## DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each **accident** or **loss** even if **you** or the person seeking coverage is not at fault⊠Refer to your policy documents for the claims phone number⊠

**You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the **accident** or **loss**, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved⊠

If **you** or the person seeking coverage cannot identify the owner or operator of a vehicle involved in the **accident**, or if theft or vandalism has occurred, **you** or the person seeking coverage must notify the police within 24 hours or as soon as practicable⊠However, for purposes of uninsured motorist coverage when the owner or operator of a vehicle involved in the accident cannot be identified, **you** or the person seeking coverage must notify the police no more than 30 days after the accident⊠

A person seeking coverage must:
1⊠ cooperate with **us** in any matter concerning a claim or lawsuit;
2⊠ provide any written proof of **loss we** may reasonably require;
3⊠ allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you**, a **relative**, or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;
4⊠ promptly call **us** to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to any claim or lawsuit;
5⊠ attend hearings and trials as **we** require;
6⊠ submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require;
7⊠ authorize **us** to obtain medical and other records;
8⊠ take reasonable steps after a **loss** to protect the **insured auto** from further **loss**⊠**We** will pay reasonable expenses incurred in providing that protection⊠ If failure to provide such protection results in further loss, any additional damages will not be covered under this policy;
9⊠ allow **us** to have access to an **insured auto** or other **auto** involved in an **accident** or **loss** and to have it inspected and appraised before its repair or disposal; and
10⊠ authorize **us** access to **your** business or personal records as often as **we** may reasonably require⊠

# GENERAL DEFINITIONS

**The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.**

1. "**Accident**" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage**.

2. "**Auto**" means a land motor vehicle or **trailer** designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. It does not include **mobile equipment**. Self-propelled vehicles with the following types of permanently attached equipment are **autos**, not **mobile equipment**:
   a. equipment designed and used primarily for:
      (i) snow removal;
      (ii) road maintenance, but not construction or resurfacing;
      (iii) street cleaning;
   b. cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
   c. air compressors, pumps, and generators, including spraying, welding, building cleaning, geophysical exploration, lighting, and well-servicing equipment.

3. "**Bodily injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

4. "**Declarations**" or "**declarations page**" means the document prepared by **us** listing **your** policy information, which may include the types of coverage **you** have elected, the limit for each coverage, the cost for each coverage, the specifically described **autos** covered by this policy, and the types of coverage for each specifically described **auto**.

5. "**Employee**" includes a **leased worker** and a statutory employee. **Employee** does not include a **temporary worker**.

6. "**Insured auto**" or "**your insured auto**" means:
   a. Any **auto** specifically described on the **declarations page**; or
   b. An additional **auto** for Part I—Liability To Others and/or Part II—Damage To Your Auto on the date **you** become the owner if:
      (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

2

(ii)   **we** insure all **autos** owned by **you** that are used in **your** business;

(iii)  no other insurance policy provides coverage for that **auto**; and

(iv)   **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

If **you** add any coverage, increase **your** limits, or make any other changes to this policy during the 30-day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto**.

With respect to Part I—Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b. **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**.

With respect to Part II—Damage To Your Auto, if **we** provide coverage for an **auto you** acquire in addition to any **auto** specifically described on the **declarations page**, and the additional **auto** is:

(i)   a **private passenger auto**, **we** will provide the broadest coverage **we** provide for any **auto** shown on the **declarations page**; or

(ii)  any **auto** other than a **private passenger auto**, and **you** have purchased Physical Damage coverage for at least one **auto** other than a **private passenger auto**, **we** will provide the broadest coverage for which the newly acquired **auto** is eligible.

c.   Any replacement **auto** on the date **you** become the owner if:

(i)   **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii)  the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and

(iii) no other insurance policy provides coverage for that **auto**.

If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that coverage for a period of 30 days after **you** become the owner of such replacement **auto**. **We** will not provide any coverage after this 30-day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase **your** limits, or make any other changes to **your** policy during this 30-day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes.

7. "**Insured contract**" means:

a. A lease of premises;

b. A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. That part of any other contract or agreement pertaining to **your** business (including an indemnification of a municipality in connection with work performed for a municipality) under which **you** assume the tort liability that is vicariously imposed on another for **your** negligence or that of **your employees** or agents; or

f. That part of any contract or agreement, entered into as part of **your** business, for the rental of an **insured auto**. However, such contract or agreement shall not be considered an **insured contract** to the extent that it obligates **you** or any of **your employees** to pay for **property damage** to any **auto** rented or leased to **you** or any of **your employees**.

An "**insured contract**" does not include that part of any contract or agreement:

1. That indemnifies a railroad for **bodily injury** or **property damage** arising out of construction or demolition operations within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass, or crossing; or

2. That pertains to the loan, lease or rental of an **auto** to **you** or any of **your employees**, if the **auto** is loaned, leased or rented with a driver; or

3. That holds a person or organization engaged in the business of transporting property by **auto** for hire harmless for **your** use of an **insured auto** over a route or territory that person or organization is authorized to serve by public authority.

8. "**Leased worker**" means a person leased to **you** by a labor leasing firm under an agreement between **you** and the labor leasing firm to perform duties related to the conduct of **your** business. **Leased worker** does not include a **temporary worker**.

9. "**Loss**" means sudden, direct and accidental loss or damage.

10. "**Mobile equipment**" means any of the following types of land vehicles, including, but not limited to, any attached machinery or equipment:

a. Bulldozers, farm implements and machinery, forklifts, and other vehicles designed for use principally off public roads;

b. Vehicles **you** use solely on premises **you** own or rent and on accesses to public roads from these premises, unless specifically described on the **declarations page** and not defined as **mobile equipment** under other parts of this definition;

4

c. Any vehicle that travels on crawler treads, or that does not require licensing in the state in which **you** reside or **your** business is licensed;

d. Vehicles, whether self-propelled or not, used primarily to provide mobility to permanently attached:

    (i) Power cranes, shovels, loaders, diggers, or drills; or

    (ii) Road construction or resurfacing equipment, such as graders, scrapers or rollers.

e. Vehicles not described in Paragraphs a., b., c., or d. above that are not self-propelled and are used primarily to provide mobility to permanently attached equipment of the following types:

    (i) Air compressors, pumps, and generators, including spraying, welding, building cleaning, geophysical exploration, lighting, and well-servicing equipment; or

    (ii) Cherry pickers and similar devices used to raise or lower workers.

f. Vehicles not described in Paragraphs a., b., c., or d. above that are self-propelled and used primarily for purposes other than transportation of persons or cargo.

However, **mobile equipment** does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged.

11. "**Occupying**" means in, on, entering or exiting.

12. "**Personal vehicle sharing program**" means a system or process, operated by a business, organization, network, group, or individual, that facilitates the sharing of **private passenger autos** for use by individuals, businesses, or other entities.

13. "**Pollutants**" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

14. "**Private passenger auto**" means a land motor vehicle:

a. of the private passenger, pickup body, or cargo van type;

b. designed for operation principally upon public roads;

c. with at least four wheels; and

d. with a gross vehicle weight rating of 12,000 pounds or less, according to the manufacturer's specifications.

However, **private passenger auto** does not include step-vans, parcel delivery vans, or cargo cutaway vans or other vans with cabs separate from the cargo area.

15. "**Property damage**" means physical damage to, destruction of, or loss of use of, tangible property.

16. "**Relative**" means any person residing in the household in which the named insured resides who is related to the named insured by blood, marriage, or

5

adoption, including a ward or foster child. This term only applies if the named insured is a natural person.

17. "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

18. "**Temporary worker**" means:
   a. a person who is furnished to **you** to substitute for a permanent **employee** on leave or to meet seasonal or short-term workload conditions; or
   b. a day laborer.

19. "**Trailer**" includes a semi-trailer and any piece of equipment used to convert a semi-trailer to a full trailer while it is attached to the semi-trailer.

20. "**We**", "**us**" and "**our**" mean the company providing this insurance as shown on the **declarations page**.

21. "**You**", "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

## PART I—LIABILITY TO OTHERS

**INSURING AGREEMENT—LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

A. When used in Part I—Liability To Others, **insured** means:
   1. **You** with respect to an **insured auto**.

6

2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:

(a) Any person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.

(b) Any person while he or she is moving property to or from an **insured auto**, other than one of **your employees**, partners (if you are a partnership), members (if you are a limited liability company), or officers or directors (if you are a corporation).

(c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

(d) The employees or agents of an owner or anyone else from whom the **insured auto** is leased, hired or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.

3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I—Liability To Others. If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

B. When used in Part I—Liability To Others, **insured auto** also includes:

1. **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;

2. **Mobile equipment** while being carried or towed by an **insured auto**;

3. Any **temporary substitute auto**; and

4. **Mobile equipment** that is:

a. owned by **you**;

b. leased, hired, or borrowed by **you** and **you** have purchased either "Hired Auto Coverage" or "Any Automobile Legal Liability Coverage" from **us**; or

c. not owned, leased, hired, or borrowed by **you** and **you** have purchased either "Employer's Non-Ownership Liability Coverage" or "Any Automobile Legal Liability Coverage" from **us**.

However, **mobile equipment** meeting any of those three criteria will qualify only if at the time of **loss** it is being:

a. used in **your** business;

b. operated on a public highway; and

c. operated in a state or province where it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law.

C. When used in Part I—Liability To Others, "**covered pollution cost or expense**" means any cost or expense arising out of:
1. Any request, demand, order, or statutory or regulatory requirement; or
2. Any claim or suit by or on behalf of a governmental authority demanding that the **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of, **pollutants**.

**Covered pollution cost or expense** does not include any cost or expense arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of **pollutants**:
a. That are, or that are contained in any property that is:
 (i) Being transported or towed by, handled, or handled for movement into, onto, or from, the **insured auto**;
 (ii) Otherwise in the course of transit by or on behalf of the **insured**; or
 (iii) Being stored, disposed of, treated, or processed in or upon the **insured auto**;
b. Before the **pollutants** or any property in which the **pollutants** are contained are moved from the place where they are accepted by the **insured** for movement into or onto the **insured auto**; or
c. After the **pollutants** or any property in which the **pollutants** are contained are moved from the **insured auto** to the place where they are finally delivered, disposed of, or abandoned by the **insured**.

The above Paragraph a. of this definition does not apply to fuels, lubricants, fluids, exhaust gasses, or other similar **pollutants** that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the **insured auto** or its parts if:
(1) The **pollutants** escape, seep, migrate, or are discharged, dispersed or released directly from an **insured auto** part designed by its manufacturer to hold, store, receive or dispose of such **pollutants** and is a part that would be required for the customary operation of the **insured auto**; and
(2) The **bodily injury**, **property damage** or **covered pollution cost or expense** does not arise out of the operation of any equipment listed in Paragraphs b. and c. of the definition of **auto**.

The above Paragraphs b. and c. of this definition do not apply to **accidents** that occur away from premises owned by or rented to an **insured** with respect to **pollutants** not in or upon an **insured auto** if:
(1) The **pollutants** or any property in which the **pollutants** are contained are upset, overturned or damaged as a result of the maintenance or use of an **insured auto**; and
(2) The discharge, dispersal, release or escape of the **pollutants** is caused directly by such upset, overturn or damage.

**ADDITIONAL PAYMENTS**

In addition to **our** Limit of Liability, **we** will pay for an **insured**:

1⊠ all expenses that **we** incur in the settlement of any claim or defense of any lawsuit;

2⊠ interest accruing after entry of judgment on that part of the judgment that does not exceed **our** Limit of Liability⊠This payment does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured**⊠ **Our** payment, offer in writing, or deposit in court of that part of the judgment which does not exceed **our** Limit of Liability ends **our** duty to pay interest which accrues after the date of **our** payment, written offer, or deposit;

3⊠ the premium on any appeal bond or attachment bond required in any lawsuit **we** defend⊠**We** have no duty to purchase a bond in a principal amount exceeding **our** Limit of Liability, and **we** have no duty to apply for or furnish these bonds;

4⊠ up to $2,000 for cost of bail bonds required because of an **accident we** cover⊠**We** have no duty to apply for or furnish these bonds;

5⊠ reasonable expenses incurred by an **insured** at **our** request, including loss of earnings up to $250 a day; and

6⊠ all court costs taxed against the **insured** in any "suit" against the **insured** we defend⊠However, these payments do not include attorneys' fees or attorneys' expenses taxed against the **insured**⊠

**OUT-OF-STATE COVERAGE EXTENSION**

If an **accident** to which this Part I applies occurs in any state, territory, or possession of the United States of America, Puerto Rico, or any province or territory of Canada, other than the state in which an **insured auto** is principally garaged, and the state, province, territory or possession has:

1⊠ a financial responsibility or similar law requiring limits of liability for **bodily injury** or **property damage** higher than the limits shown on the **declarations page**, this policy will provide the higher limit; or

2⊠ a compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses an **auto** in that state, province, territory or possession, this policy will provide the greater of:
    a⊠ the required minimum amounts and types of coverage; or
    b⊠ the Limits of Liability under this policy⊠

This extension does not apply to the limit or limits specified by any law governing commercial carriers of passengers or property⊠

**We** will not pay anyone more than once for the same elements of **loss** because of this extension.

**EXCLUSIONS—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I—LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

1. **Expected or Intended Injury**
   **Bodily injury** or **property damage** either expected by or caused intentionally by or at the direction of any **insured**.

2. **Contractual**
   Any liability assumed by an **insured** under any contract or agreement, unless the agreement is an **insured contract** that was executed prior to the occurrence of any **bodily injury** or **property damage**.

   However, this exclusion does not apply to liability for damages that an **insured** would have in the absence of the contract or agreement.

3. **Worker's Compensation**
   Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

4. **Nuclear Energy Liability**
   An **accident** for which any person is insured under nuclear energy liability insurance. This exclusion applies even if the limits of that insurance are exhausted.

5. **Employee Indemnification and Employer's Liability**
   **Bodily injury** to:
   a. An **employee** of any **insured** arising out of or within the course of:
      (i) That **employee's** employment by any **insured**; or
      (ii) Performing duties related to the conduct of any **insured's** business; or
   b. The spouse, child, parent, brother or sister of that **employee** as a consequence of Paragraph a. above.

   This exclusion applies:
   a. Whether the **insured** may be liable as an employer or in any other capacity; and
   b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to **bodily injury** to a domestic **employee** if benefits are neither paid nor required to be provided under any workers' compensation, disability benefits, or similar law, or to liability for **bodily injury** assumed by the **insured** under an **insured contract**. For the purposes of this policy, a domestic **employee** is a person engaged in household or domestic work performed principally in connection with a residence premises.

6. **Fellow Employee**
**Bodily injury** to:
a. a fellow **employee** of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business.
b. the spouse, child, parent, brother, or sister of that fellow **employee** as a consequence of Paragraph a. above.

7. **Care, Custody or Control**
**Property damage** to, towing or removal expense for, or **covered pollution cost or expense** involving, any property owned by, rented to, being transported by, used by, or in the care, custody or control of any **insured**, including any motor vehicle operated or being towed. But this exclusion does not apply to liability assumed under a sidetrack agreement.

8. **Movement of Property by Mechanical Device**
**Bodily injury** or **property damage** resulting from or caused by the movement of property by a mechanical device, other than a hand truck, not attached to an **insured auto**.

9. **Handling of Property**
**Bodily injury** or **property damage** resulting from or caused by the handling of property:
a. before it is moved from the place where it is accepted by the **insured** for movement into or onto **your insured auto**; or
b. after it has been moved from **your insured auto** to the place where it is finally delivered by the **insured**.

10. **Pollution**
**Bodily injury** or **property damage** resulting from or caused by the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of any **pollutants**:
a. That are, or that are contained in any property that is:
(i) Being transported or towed by, handled, or handled for movement into, onto, or from, the **insured auto**;
(ii) Otherwise in the course of transit by or on behalf of the **insured**; or
(iii) Being stored, disposed of, treated, or processed in or upon the **insured auto**;

b⬚ Before the **pollutants** or any property in which the **pollutants** are contained are moved from the place where they are accepted by the **insured** for movement into or onto the **insured auto**; or

c⬚ After the **pollutants** or any property in which the **pollutants** are contained are moved from the **insured auto** to the place where they are finally delivered, disposed of, or abandoned by the **insured**⬚

The above Paragraph a⬚of this exclusion does not apply to fuels, lubricants, fluids, exhaust gasses, or other similar **pollutants** that are needed for or result from the normal electrical, hydraulic, or mechanical functioning of the **insured auto** or its parts if:

(1) The **pollutants** escape, seep, migrate, or are discharged, dispersed, or released directly from an **insured auto** part designed by its manufacturer to hold, store, receive, or dispose of such **pollutants** and is a part that would be required for the customary operation of the **insured auto**; and

(2) The **bodily injury**, **property damage**, or **covered pollution cost or expense** does not arise out of the operation of any equipment listed in Paragraphs b⬚and c⬚of the definition of **auto**⬚

The above Paragraphs b⬚and c⬚of this exclusion do not apply to **accidents** that occur away from premises owned by or rented to an **insured** with respect to **pollutants** not in or upon an **insured auto** if:

(1) The **pollutants** or any property in which the **pollutants** are contained are upset, overturned, or damaged as a result of the maintenance or use of an **insured auto**; and

(2) The discharge, dispersal, seepage, migration, release, or escape of the **pollutants** is caused directly by such upset, overturn, or damage⬚

11⬚ **Racing**

**Bodily injury** or **property damage** arising out of **you** or an **insured** participating in, or preparing for, a prearranged or organized racing, speed or demolition contest, stunting activity, or performance contest⬚

12⬚ **War**

**Bodily injury** or **property damage** arising directly or indirectly out of:

a⬚ War, including undeclared or civil war;

b⬚ Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c⬚ Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these⬚

13⬚ **Operations**

**Bodily injury**, **property damage**, or **covered pollution cost or expense** arising out of the operation of:

a⬚ any equipment listed in Paragraphs b⬚and c⬚of the definition of **auto**; or

12

b. machinery or equipment that is on, attached to, or part of, a land vehicle that meets the definition of **mobile equipment**.

14. **Completed Operations**
**Bodily injury** or **property damage** arising out of, or caused by, **your** work after that work has been completed or abandoned.

For purposes of this exclusion, **your** work means:
a. Work or operations performed by **you** or on **your** behalf;
b. Materials, parts, or equipment furnished in connection with such work or operations; and
c. The delivery of liquids.

**Your** work includes warranties or representations made at any time with respect to the fitness, quality, durability, or performance of any of the items included in Paragraphs a. b. or c. above.

**Your** work will be deemed completed at the earliest of the following times:
a. When all of the work called for in **your** contract has been completed.
b. When all of the work to be done at a particular site has been completed if **your** contract calls for work at more than one site.
c. When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or sub-contractor working on the same project.
Work that may need service, maintenance, correction, repair, or replacement, but which is otherwise complete, will be treated as completed.

15. **Criminal Acts**
**Bodily injury** or **property damage** caused by, or reasonably expected to result from, a criminal act or omission of an **insured person**. This exclusion applies regardless of whether that **insured person** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

16. **Vehicle Sharing—Private Passenger Autos**
**Bodily injury** or **property damage** arising out of the use of an **insured auto** that is a **private passenger auto** while being used in connection with a **personal vehicle sharing program**. This exclusion does not apply to the operation of an **insured auto** by **you**.

**LIMIT OF LIABILITY**

**We** will pay no more than the Limit of Liability shown on the **declarations page** for this coverage for the **insured auto** involved in the **accident** regardless of:
1. the number of premiums paid;
2. the number of **insured autos** or trailers shown on the **declarations page**;

3. the number of policies issued by **us**;
4. the number of vehicles or **insureds** involved in an **accident**; or
5. the number of claims or lawsuits arising out of an **accident**;

subject to the following:

1. **Coverage Required by Filings**

   If **we** have filed a certificate of insurance on **your** behalf with any regulatory or governmental agency, and:
   (i) **we** are required to pay any judgment entered against **you**; or
   (ii) **we** agree to settle a claim or lawsuit;
   for **bodily injury**, **property damage**, or **covered pollution cost or expense** arising out of an **accident** or **loss** otherwise not covered under the terms of this policy solely because of such certificate of insurance, **we** will be obligated to pay no more than the minimum amount required by that agency or applicable law. If any payment is based solely on such certificate, **you** must reimburse **us** in full for **our** payment, including legal fees and costs **we** incurred, whether the payment is made as a result of judgment or settlement.

2. **Combined Bodily Injury and Property Damage Limits**

   Subject to the terms of Section 1 above, if **your declarations page** indicates that combined **bodily injury** and **property damage** limits apply for "each accident" or "combined single limit" applies, the most **we** will pay for the aggregate of all damages and **covered pollution cost or expense** combined, resulting from any one **accident**, is the combined liability insurance limit shown on the **declarations page** for the **insured auto** involved in the **accident**.

3. **Separate Bodily Injury Liability and Property Damage Liability Limits**

   Subject to the terms of Section 1 above, if **your declarations page** indicates that separate **bodily injury** liability and **property damage** liability limits apply:

   a. The "each person" **bodily injury** liability limit listed on the **declarations page** for the **insured auto** involved in the **accident** is the maximum **we** will pay for **bodily injury** sustained by any one person in any one **accident**, and that "each person" maximum limit will apply to the aggregate of claims made for such **bodily injury** and any and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.
   b. Subject to the **bodily injury** liability limit for "each person," the "each accident" **bodily injury** liability limit listed on the **declarations page** for the **insured auto** involved in the **accident** is the maximum **we** will pay for

**bodily injury** sustained by two or more persons in any one **accident**, including all derivative claims which include, but are not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

c. The "each accident" **property damage** liability limit listed on the **declarations page** for the **insured auto** involved in the **accident** is the maximum **we** will pay for the aggregate of all **property damage** and **covered pollution cost or expense** combined, sustained in any one **accident**.

For the purpose of determining **our** Limit of Liability under Sections 1, 2, and 3 above, all **bodily injury**, **property damage**, and **covered pollution cost or expense**, resulting from continuous or repeated exposure to substantially the same event, shall be considered as resulting from one **accident**.

An **insured auto** and any **trailer** or **trailers** attached thereto shall be deemed to be one **auto** with respect to **our** Limit of Liability.

When coverage is afforded for an **accident** involving an **insured auto** that, at the time of loss:

a. is a **trailer** specifically described on the **declarations page**; and

b. is attached to any power unit that is not an **insured auto** specifically described on the **declarations page**;

the maximum amount we will pay will be limited to the lesser of an amount not to exceed the applicable compulsory or financial responsibility law limits of the state identified in **your** address as shown on the **declarations page** or the Limit of Liability shown on the **declarations page**.

Any amount payable under Part I—Liability To Others to or for an injured person will be reduced by any payment made to that person under any Uninsured Motorist Coverage, Underinsured Motorist Coverage, Personal Injury Protection Coverage, or Medical Payments Coverage provided by this policy.

## PART II—DAMAGE TO YOUR AUTO

**INSURING AGREEMENT—COLLISION COVERAGE**

Subject to the Limits of Liability, if **you** pay the premium for Collision Coverage, **we** will pay for **loss** to **your insured auto** and its **permanently attached equipment** when it collides with another object or overturns.

**INSURING AGREEMENT—COMPREHENSIVE COVERAGE**

Subject to the Limits of Liability, if **you** pay the premium for Comprehensive Coverage, **we** will pay for **loss** to **your insured auto** and its **permanently attached equipment** from any cause other than those covered under Collision Coverage.

Any **loss** caused by missiles, falling objects, fire, theft, collision with an animal, or accidental glass breakage shall be deemed a Comprehensive **loss.** However, **you** have the option of having glass breakage caused by a covered **auto's** collision or overturn considered a **loss** under Collision Coverage.

**INSURING AGREEMENT—FIRE AND THEFT WITH COMBINED ADDITIONAL COVERAGE (CAC)**

Subject to the Limits of Liability, if **you** pay the premium for Fire and Theft with Combined Additional Coverage (CAC), **we** will pay for **loss** to **your insured auto** and its **permanently attached equipment** caused by:

1. fire, lightning or explosion;
2. theft;
3. windstorm or hail;
4. earthquake;
5. flood or rising water;
6. malicious mischief or vandalism;
7. the stranding, sinking, burning, collision, or derailment of any conveyance in or upon which **your insured auto** is being transported; or
8. collision with a bird or animal.

No **losses** other than those specifically described above will be covered under Part II of this policy.

**ADDITIONAL COVERAGE**

1. **Transportation Expenses**

   **We** will pay up to $30 per day, up to a maximum of $900, for temporary transportation expenses incurred by **you** because of the theft of an **insured auto** that is a **private passenger auto.** This coverage applies only to those **insured autos** for which **you** carry Comprehensive Coverage. **We** will pay for temporary transportation expenses incurred during the period beginning 48 hours after **you** report the theft to **us**, and ending when the **insured auto** is returned to use, or **we** pay for its **loss.**

2. **Coverage for Temporary Substitute Autos**

   If a **temporary substitute auto** is involved in a **loss**, **we** will provide the same coverage and deductible that would have applied to the **insured auto** for which it is a substitute. The most **we** will pay for **loss** to a **temporary substitute auto** is the lesser of the Actual Cash Value at the time of **loss** or the cost of repairing or replacing the damaged or stolen property with like kind and quality, less the applicable deductible.

3. **Pet Injury Coverage**

If **you** have purchased Collision Coverage for at least one **insured auto** listed on the **declarations page**, Pet Injury Coverage is included in **your** policy.

**Insuring Agreement**

If a **pet** sustains injury or death while inside an **insured auto** at the time of a **loss** covered under Collision, Comprehensive, or Fire & Theft with Combined Additional Coverage, **we** will pay:
1. for reasonable and customary veterinary fees incurred by **you** or the owner of the **pet** if the **pet** is injured in, or as a direct result of, the covered **loss**; or
2. a death benefit if the **pet** dies in, or as a direct result of, the covered **loss**.

In the event of a covered **loss** due to the theft of an **insured auto**, **we** will provide the death benefit provided the **pet** is not recovered.

**Limits of Liability**

The following additional Limits of Liability apply to Pet Injury Coverage:
1. The most **we** will pay for all damages in any one **loss** is a total of $1,000 regardless of the number of **pets** involved.
2. If the **pet** dies in, or as a direct result of, a covered **loss**, **we** will provide a death benefit of $1,000, less any payment **we** made toward veterinary expenses for the **pet**.
3. No deductible shall apply to this coverage.

## ADDITIONAL PAYMENTS

If **you** have paid the premium for Comprehensive Coverage, Collision Coverage, or Fire and Theft with Combined Additional Coverage, then in addition to **our** Limit of Liability, **we** will pay:

1. All reasonable expenses necessary to return a stolen **insured auto** to **you**, unless **we** determine the **auto** to be a total loss.
2. All reasonable expenses necessary to remove an **insured auto** from the site of an **accident** or **loss** and transport it to a repair facility.

## ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

When used in Part II—Damage To Your Auto:

1. "**Finance agreement**" means a written lease or loan contract, entered into as a part of **your** business, pertaining to the lease or purchase by **you** of an

**insured auto**, and subject to a valid promissory note or written payment obligation contained in a lease, and security agreement or other written agreement establishing a security interest, executed concurrently with a purchase or lease of the **insured auto** that is commensurate with fair market value.

2. "**Permanently attached equipment**" or **PAE** means equipment and devices that are permanently installed or attached to **your insured auto**. **Permanently attached equipment** also includes:
   a. accessories designed to work as part of the equipment or devices;
   b. load securing equipment and devices; and
   c. custom paint or decals.

3. "**Pet**" means a dog or cat occupying an **insured auto** with **your** express or implied consent.

**EXCLUSIONS—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART II—DAMAGE TO YOUR AUTO.**

1. **We** will not pay for loss caused by or resulting from any of the following. Such **loss** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**.
   a. **War or Military Action**
      (1) war, including undeclared or civil war;
      (2) warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or agents;
      (3) insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.
   b. **Nuclear Hazard**
      (1) the explosion of any weapon employing atomic fission or fusion; or
      (2) nuclear reaction or radiation, or radioactive contamination, however caused.

2. **We** will not pay for **loss** to any sound equipment, video equipment, or transmitting equipment not permanently installed in **your insured auto**, or to tapes, records, compact discs, DVDs, or similar items used with sound or video equipment.

3. **We** will not pay for **loss** to radar detectors or to any other equipment or device designed or used to detect speed measuring equipment, or to any equipment designed or used to jam or disrupt any speed measuring equipment.

4. **We** will not pay for **loss** due and confined to:
   a. wear and tear, freezing, mechanical or electrical breakdown, or structural failure caused by material fatigue, decomposition, or corrosion.

b. blowouts, punctures, flat spots, or other road damage to tires.

But, coverage does apply if the damage is the result of other **loss** covered by the policy.

5. **We** will not pay for **loss** incurred while **your insured auto** is used in any illicit trade or transportation, or due to **your insured auto's** destruction or confiscation by governmental or civil authorities because **you**, or, if **you** are a natural person, any **relative**, engaged in illegal activities.

6. **We** will not pay for **loss** caused by **you** or an insured participating in or pre-paring for a prearranged or organized racing, speed or demolition contest, stunting activity or performance contest.

7. **We** will not pay for **loss** to an **insured auto** for diminution of value.

8. If **we** pay **your** financial obligation under a **finance agreement**, **we** will not pay:
   a. Overdue **finance agreement** payments including any type of late fees or penalties;
   b. Financial penalties imposed under a **finance agreement** for excessive use, abnormal wear and tear, or high mileage;
   c. Security deposits not normally refunded by the lessor or lender;
   d. Cost of **finance agreement** related products such as, but not limited to, Credit Life Insurance, Health, Accident or Disability insurance purchased by **you**;
   e. Carryover balances from previous **finance agreements** or other amounts not associated with the **insured auto**; or
   f. Unpaid principal included in the outstanding **finance agreement** bal-ance that was not used by **you** to purchase the **insured auto**.

9. **We** will not pay for **loss** to an **insured auto** while being used in connection with a **personal vehicle sharing program**. This exclusion does not apply to the operation of an **insured auto** by **you**.

**LIMIT OF LIABILITY**

1. If the **declarations page** shows actual cash value for the **insured auto**, then the most **we** will pay for **loss** to **your insured auto** is the least of:
   a. the actual cash value of the stolen or damaged property at the time of **loss**;
   b. the amount necessary to replace the stolen or damaged property with other of like kind and quality; or
   c. the amount necessary to repair the damaged property to its pre-loss physical condition; however, if **we** determine that the **insured auto** is a total loss, **we** may, at **our** option, pay the lesser of the actual cash value, or the cost to replace, rather than repair, the **insured auto**.

**Permanently attached equipment** (**PAE**) is covered to the limit shown on the **declarations page**. This limit includes transfer of undamaged **PAE** to another **insured auto**, but will not increase the **PAE** limit shown on the **declarations page**.

2. If the **declarations page** shows Stated Amount for the **insured auto**, then the most **we** will pay for **loss** to **your insured auto** is the least of:
   a. the actual cash value of the stolen or damaged property at the time of **loss**;
   b. the amount necessary to replace the stolen or damaged property with other of like kind and quality;
   c. the amount necessary to repair the damaged property to its pre-loss physical condition; however, if **we** determine that the **insured auto** is a total loss, **we** may, at **our** option, pay the lesser of the actual cash value, Stated Amount, or the cost to replace, rather than repair, the **insured auto**; or
   d. the applicable Stated Amount of the property as shown on the **declarations page**.

   However, if there is a **finance agreement** in place for the **insured auto**, the most **we** will pay for a total loss where the outstanding financial obligation under a **finance agreement** for the **insured auto** at the time of the **loss** is:
   a. greater than the actual cash value of the **insured auto** at the time of **loss**; and
   b. the Stated Amount shown on the **declarations page** is greater than the actual cash value of the **insured auto** at the time of **loss**;
   is the lesser of:
   a. the applicable Stated Amount of the **insured auto** as shown on the **declarations page**; or
   b. the outstanding financial obligation under a **finance agreement** for the **insured auto** at the time of the **loss**.

   **PAE** is included in the value of the **insured auto**, but only to the extent the value of the equipment has been included in the Stated Amount shown on the **declarations page**. The transfer of undamaged **PAE** to another **insured auto** will be covered if the aggregate of all damage and cost to move is within the Stated Amount shown on the **declarations page**.

3. Payments for **loss** covered under Collision Coverage, Comprehensive Coverage, or Fire and Theft with Combined Additional Coverage are subject to the following provisions:
   a. in determining the amount necessary to repair damaged property to its pre-loss physical condition, the amount to be paid by **us**:
   (i) shall not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired, and the cost of repair or

replacement parts and equipment, as reasonably determined by **us**; and

 (ii) will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:

  (a) original manufacturer parts or equipment; and

  (b) non-original manufacturer parts or equipment;

b. the actual cash value is determined by the market value, age and condition of the **auto** at the time the **loss** occurs; and

c. duplicate recovery for the same elements of damages is not permitted.

4. To determine the amount necessary to repair the damaged property to its pre-loss physical condition as referred to in Paragraph 1.c. the total cost of necessary repairs will be reduced by:

a. the cost of labor, parts and materials necessary to repair or replace damage, deterioration, defects, or wear and tear on exterior body parts, windshields and other glass, wheels, and paint, that existed prior to the **accident** and that is eliminated as a result of the repair or replacement of property damaged in the **loss**. This adjustment for physical condition includes, but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges, and peeling paint;

b. an amount for depreciation (also referred to as betterment) that represents a portion of the cost of mechanical parts (parts that wear out over time and have a useful life typically shorter than the life of the **auto** as a whole) that are installed as replacements for existing mechanical parts that were defective, inoperable or nonfunctional prior to the **accident**, which **we** deem necessary to replace in the course of repair; and

c. an amount for depreciation (also referred to as betterment) on high-wear parts that have a measurable life, such as tires, batteries, engine or transmission, determined by the proportional increase in the useful life of the replacement part when compared to the replaced part. For example, if **we** replace a 24-month old battery that had a manufacturer's rated life of 60 months with a new 60-month rated battery, **our** payment for the battery is reduced by 40 percent and **you** are responsible to pay that 40 percent portion of the cost of the battery.

## DEDUCTIBLE

For each **loss** that qualifies for coverage under Comprehensive, Collision, or Fire and Theft with Combined Additional Coverage, the deductible shown on the **declarations page** for the **insured auto** will be applied. A single deductible will be applied to any **loss**. In the event there are different deductible amounts applicable to the **loss**, the higher deductible will be applied. In all events, the deductible will be applied against the limit of liability. If a **loss** involves another coverage added by endorsement to this policy, only one deductible will apply to the entire **loss** event.

If **your insured auto** is an additional **auto** that **you** have requested to be added to **your** policy within 30 days of **your** acquisition of the **auto**, and no deductible has been designated for the additional **auto** prior to the **loss**, then:

1. when the **insured auto** is a **private passenger auto**, **we** will apply the lowest deductible listed for any one **auto** listed on the **declarations page**; or
2. when the **insured auto** is an **auto** other than a **private passenger auto**, **we** will apply the highest deductible listed for any one **auto** listed on the **declarations page**.

No deductible will apply to a **loss** to window glass when the glass is repaired instead of replaced.

No deductible will apply to payments made under the Additional Payments section for expenses necessary to return a stolen **insured auto** to **you**.

**SALVAGE**

If **we** pay the actual cash value of **your insured auto** less the deductible, or if **we** pay the amount necessary to replace **your insured auto** less the deductible, **we** are entitled to all salvage. If **your insured auto** is a total loss and **we** pay the applicable Limit of Liability or Stated Amount as shown on the **declarations page** less the deductible, **we** are entitled to the same percent of salvage as **our** payment bears to the actual cash value of **your insured auto**.

**NO BENEFIT TO BAILEE**

No bailee or carrier shall benefit, directly or indirectly, from this Part II—Damage To Your Auto.

**APPRAISAL**

If **we** cannot agree with **you** on the amount of **your loss**, then **you** or **we** may demand an appraisal of the **loss**. Each party shall appoint a competent and disinterested appraiser. If the appraisers agree on the amount of the **loss**, they shall submit a written report to **us** and this shall be deemed to be the amount of the **loss**.

If the appraisers cannot agree on the amount of the **loss** within a reasonable time, they shall then choose a competent, impartial umpire, provided that if they cannot agree on an umpire within 15 days, either **you** or **we** may petition a judge of a court having jurisdiction to choose an umpire. The disagreement of the appraisers shall then be submitted to the umpire. Subject to the provisions of the policy, a written agreement signed by both appraisers or by one appraiser and the umpire will be the amount of the **loss**.

**You** must pay **your** fees and expenses and those of **your** appraiser. **We** will pay **our** fees and expenses and those of **our** appraiser. All other expenses of the

appraisal, including payment of the umpire if one is necessary, will be shared equally by **you** and **us**⊠

By agreeing to an appraisal, **we** do not waive any of **our** rights under any other part of this policy, including **our** right to deny the claim⊠

**PAYMENT OF LOSS**

At **our** option, **we** may pay the **loss** in money, or repair or replace the damaged or stolen property⊠**We** may, at any time before the **loss** is paid or the property is replaced, return, at **our** expense, any stolen property either to **you** or to the address shown on the **declarations page**, with payment for the resulting damage less any applicable deductibles⊠**We** may keep all or part of the property at the agreed or appraised value, but there shall be no abandonment to **us**⊠

**We** may make payment for a **loss** either to **you** or the owner of the property⊠ Payment for a **loss** is required only if **you** have fully complied with the terms of this policy⊠

**You** must convey title to and possession of the damaged, destroyed, or stolen property to **us** if **we** pay the actual cash value of **your insured auto** less the deductible or if **we** pay the amount necessary to replace **your insured auto** less the deductible⊠

**LOSS PAYEE AGREEMENT**

**We** will pay the Loss Payee named in the policy for **loss** to **your insured auto**, as the interest of the Loss Payee may appear⊠

This insurance covers the interest of the Loss Payee unless:
1⊠  the **loss** results from fraudulent acts or omissions on **your** part; or
2⊠  the **loss** is otherwise not covered under the terms of this policy⊠
Cancellation, nonrenewal, termination, or voiding ends this agreement as to the Loss Payee's interest⊠

If **we** make any payment to the Loss Payee, **we** will obtain the Loss Payee's rights against any other party⊠

<u>**GENERAL PROVISIONS**</u>

1⊠  **Policy Period and Territory**

This policy applies only to **accidents** and **losses** occurring during the policy period shown on the **declarations page** and that occur within a state, territory, or possession of the United States of America, or a province or territory of Canada, or while an **insured auto** is being transported between their ports⊠

2. **Policy Changes**

This policy, **your** insurance application (which is made a part of this policy as if attached hereto), the **declarations page**, as amended, and endorsements to this policy issued by **us** contain all the agreements between **you** and **us**. Subject to the following, its terms may not be changed or waived except by an endorsement issued by **us**.

The premium for this policy is based on information **we** have received from **you** or other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete, and **you** will notify **us** if it changes during the policy period. If this information is incorrect, incomplete, or changes during the policy period, **you** agree that **we** may adjust **your** premium during the policy period, or take other appropriate action.

Changes that may result in a premium adjustment include, but are not limited to, changes in:
a. the number, type, or use classification of **insured autos**;
b. operators using **insured autos**, their ages, driving histories, license status, state or country of license issuance, or marital status;
c. the place of principal garaging of any **insured auto**;
d. coverage, deductibles, or limits of liability; or
e. rating territory or discount eligibility.

If **you** ask **us** to delete a vehicle from this policy, no coverage will apply to that vehicle as of the date and time **you** ask **us** to delete it.

Nothing contained in this section will limit **our** right to void this policy for fraud, misrepresentation or concealment of any material fact by **you**, or anyone acting on **your** behalf.

3. **Other Insurance**

a. For any **insured auto** that is specifically described on the **declarations page**, this policy provides primary coverage. For an **insured auto** which is not specifically described on the **declarations page**, coverage under this policy will be excess over any and all other valid and collectible insurance, whether primary, excess or contingent. However, if the **insured auto** that is specifically described on the **declarations page** is a **trailer**, this policy will be excess over any and all other valid and collectible insurance, whether primary, excess or contingent, unless the **trailer** is attached to an **insured auto** that is a power unit **you** own and that is specifically described on the **declarations page**.

b. If coverage under more than one policy applies on the same basis, either excess or primary, **we** will pay only **our** proportionate share. **Our** pro-

portionate share is the proportion that the Limit of Liability of this policy bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

4. **Two or More Policies Issued By Us**

If any applicable insurance other than this policy is issued to **you** by **us**, or any company affiliated with **us**, and applies to the same **accident** or **loss**, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

5. **Legal Action Against Us**

**We** may not be sued unless there is full compliance with all the terms of this policy.

**We** may not be sued for payment under Part I—Liability To Others until the obligation of an insured under Part I to pay is finally determined either by judgment against that insured after actual trial or by written agreement of the insured, the claimant, and **us**. No one will have any right to make us a party to a lawsuit to determine the liability of an insured.

6. **Our Recovery Rights**

In the event of any payment under this policy, **we** are entitled to all the rights of recovery of the person or organization to whom payment was made. That person or organization must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights, and do nothing after the **loss** or **accident** to harm **our** rights.

When a person has been paid damages by **us** under this policy and also recovers from another, the amount recovered from the other shall be held in trust for **us** and reimbursed to **us** to the extent of **our** payment, provided that the person to or on behalf of whom such payment is made is fully compensated for their **loss**.

In the event recovery has already been made from the responsible party, any rights to recovery by the person(s) claiming coverage under this policy no longer exist.

7. **Assignment**

Interest in this policy may not be assigned without **our** written consent. If the policyholder named on the **declarations page** is a natural person and that person dies, the policy will cover:
a. any other named insured on the policy;

b. the legal representative of the deceased person while acting within the scope of duty of a legal representative; and

c. any person having proper custody of **your insured auto** until a legal representative is appointed, but in no event for more than 30 days after the date of death.

## 8. Waiver

Notice to any agent or knowledge possessed by any agent or other person shall not change or effect a waiver on any portion of this policy nor prevent **us** from exercising any of **our** rights under this policy.

## 9. Bankruptcy

**We** are not relieved of any obligation under this policy because of the bankruptcy or insolvency of an insured.

## 10. Inspection and Audit

**We** shall have the right to inspect **your** property and operations at any time. This includes, but is not limited to, the right to inspect and audit the maintenance of any **autos** covered hereunder, the identity of **your** drivers and their driving records, and **your** radius of operations. In doing so, **we** do not warrant that the property or operations are safe and healthful, or are in compliance with any law, rule or regulation.

**We** shall also have the right to examine and audit **your** books and records at any time during the policy period and any extensions of that period and within three years after termination of the policy, as far as they relate to the subject matter of this insurance.

## 11. Fraud or Misrepresentation

This policy was issued in reliance upon the information provided on **your** insurance application. **We** may void this policy at any time, including after the occurrence of an **accident** or **loss**, if **you**:

1. made incorrect statements or representations to **us** with regard to any material fact or circumstance;
2. concealed or misrepresented any material fact or circumstance; or
3. engaged in fraudulent conduct;

at the time of application. This means that **we** will not be liable for any claims or damages that would otherwise be covered.

Any changes **we** make at **your** request to this policy after inception will be made in reliance upon information **you** provide. If **you**:

1. make incorrect statements or representations to **us** with regard to any material fact or circumstance;

2. conceal or misrepresent any material fact or circumstance; or
3. engage in fraudulent conduct;
in connection with a requested change, **we** may void the policy or reform it as it existed immediately prior to the requested change. **We** may do this at any time, including after the occurrence of an **accident** or **loss**.

When **we** have not voided or reformed the policy, **we** may still deny coverage for an **accident** or **loss** if **you**, in connection with the policy application, or in connection with any requested change, have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, and that concealment, misrepresentation, or fraudulent conduct was material to a risk **we** assumed.

**We** may deny coverage for an **accident** or **loss** if **you** or any other insured knowingly concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct in connection with the presentation or settlement of a claim. **We** reserve all rights to indemnity against a person committing fraud or misrepresentation for all payments made and costs incurred.

## 12. Liberalization

If **we** make a change that broadens a coverage **you** have under this edition of **your** policy without additional charge, **you** will receive the broadened coverage. The broadened coverage applies on the date the coverage change is implemented in **your** state. This provision does not apply to a general program revision or **our** issuance of a subsequent edition of **your** policy. Otherwise, this policy can be changed only by endorsement issued by **us**.

## 13. Severability

Except with respect to the Limit of Liability, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or lawsuit is brought.

## 14. Settlement of Claims

**We** may use estimating, appraisal, or injury evaluation systems to adjust claims under this policy and to determine the amount of damages, expenses, or loss payable under this policy. Such systems may be developed by **us** or a third party and may include computer software, databases, and specialized technology.

## 15. Automatic Termination

If **we** or an affiliate offers to renew or continue this policy and **you** or **your** representative does not accept, this policy will automatically terminate at

the end of the current policy period at 12:01 a⬛m⬛Failure to pay the required renewal or continuation premium when due will mean that **you** have not accepted **our** offer⬛

If **you** obtain other insurance on an **insured auto**, any similar insurance provided by this policy will terminate as to that **insured auto** on the effective date and at the effective time of the other insurance⬛

If an **insured auto** is sold or transferred, any insurance provided by this policy will terminate as to that **insured auto** on the effective date of the sale or transfer⬛

16⬛ **Duty to Report Changes**

**You** must promptly notify **us** when:
1⬛  **your** mailing or business address changes;
2⬛  the principal garaging address of an **insured auto** changes;
3⬛  there is any change with respect to the persons who operate an **insured auto**;
4⬛  there is a change in the driver's license status, or state or country of license issuance, of any person using an **insured auto**; or
5⬛  **you** acquire, sell, or dispose of **autos**⬛

17⬛ **Terms of Policy Conformed to Statutes**

If any provision of this policy fails to conform to the statutes of the state listed on **your** application as **your** business location, the provision shall be deemed amended to conform to such statutes⬛All other provisions shall be given full force and effect⬛Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed on **your** application as **your** business location⬛

Form 6912 (02/19)

# INDEX OF ENDORSEMENTS

**All forms appearing in this endorsement section do not automatically pertain to your policy. Only those endorsements whose form numbers appear on your declarations page apply to your policy.**

**Form No./Description**                                                  **Page**

1797 (02/19)

**Contingent Liability Endorsement—Limited Liability Coverage For Non-Trucking Use Of An Automobile** ... 31

1890 (02/19)

**Employer's Non-Ownership Liability Endorsement** ... 32

1891 (02/19)

**Hired Auto Coverage Endorsement** ... 33

2366 (02/11)

**Blanket Additional Insured Endorsement** ... 34

2367 (06/10)

**Blanket Waiver of Subrogation Endorsement** ... 35

2368 (06/10)

**Loan/Lease Gap Coverage Endorsement** ... 35

2852 AL (02/19)

**Uninsured/Underinsured Motorist Coverage Endorsement** ... 36

4717 (02/19)

**Trailer Interchange Coverage Endorsement** ... 40

4757 AL (02/19)

**Medical Payments Coverage Endorsement** ... 43

4852 AL (10/04)

**Cancellation and Nonrenewal Endorsement** ... 46

4881 AL (02/19)

**Alabama Amendatory Endorsement** ... 47

5701 (02/19)

**Individual Named Insured Endorsement** ... 48

Z228 (01/11)

**Mobile Equipment As Insured Autos Endorsement**􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀 49

Z438 (02/19)

**Garage Operations Physical Damage Legal Liability
Coverage Endorsement** 􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀􀀀 51

Z439 (02/19)

**Non-Owned Trailer Physical Damage Coverage Endorsement**􀀀􀀀􀀀􀀀􀀀 57

Z442 (02/19)

**Any Automobile Legal Liability Coverage Endorsement** 􀀀􀀀􀀀􀀀􀀀􀀀 60

## CONTINGENT LIABILITY ENDORSEMENT—LIMITED LIABILITY COVERAGE FOR NON-TRUCKING USE OF AN AUTOMOBILE

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply⊠

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

### PART I—LIABILITY TO OTHERS

A⊠ Under the Additional Definitions Used In This Part Only section:

Subsection A⊠B⊠is deleted and replaced by the following:

3⊠ Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I—Liability To Others⊠However, **insured** does not include anyone engaged in the business of transporting property by auto for hire that is liable for **your** conduct⊠

B⊠ Under the Exclusions of Part I, the following exclusion is added:

**Trucking Use**
Coverage under this Part I, including **our** duty to defend, does not apply to an **insured auto** or any attached **trailer** while operated, maintained, or used:
a⊠ To carry property or while such property is being loaded or unloaded from the **insured auto** or an attached **trailer**; or
b⊠ In any business or for any business purpose⊠

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

## EMPLOYER'S NON-OWNERSHIP LIABILITY ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply⬚

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

### ADDITIONAL DEFINITION USED IN THIS ENDORSEMENT

If **you** pay a premium for this Employer's Non-Ownership Liability coverage, then the following definition is added:

"**Non-owned auto**" means an **auto** that **you** do not own, lease, hire, rent, or borrow, and that is used in connection with **your** business⬚This includes **autos** owned by **your employees**, partners (if **you** are a partnership), members (if **you** are a limited liability company), or members of their households, but only while such **autos** are used in **your** business⬚

### CHANGES TO PART I—LIABILITY TO OTHERS

The definition of **insured auto** is modified to include a **non-owned auto** when used in connection with **your** business by **you** or any of **your employees**⬚The definition of **insured** does not include the owner of a **non-owned auto**⬚

### EXCLUSIONS

The insurance provided by this endorsement does not apply to **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any **non-owned auto** in the conduct of any partnership or joint venture of which **you** are a partner or member and which is not shown as the named insured on the **declarations page**⬚

### OTHER INSURANCE

The insurance provided by this endorsement is excess over any other valid and collectible insurance⬚

**PREMIUM AGREEMENT**

**We** may audit the number of employees and charge appropriately for additional premium up to three years after the policy expiration.

This does not alter or limit **our** general audit rights under the General Provisions section of this policy.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

---

Form 1891 (02/19)

## HIRED AUTO COVERAGE ENDORSEMENT

---

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

**Additional definitions used in this endorsement**

If **you** pay a premium for this Hired Auto Coverage, then the following definitions are added:

1. "**Hired auto**" means an **auto**:
   a. **you** lease, hire, rent or borrow; or
   b. **your employee** leases, hires or rents:
      i. under a contract in that individual **employee's** name;
      ii. at **your** direction and with **your** express permission; and
      iii. only while being used in the conduct of **your** business.

   This does not include any **auto you** or an **employee** leases, hires, rents or borrows from any of **your employees**, partners (if **you** are a partnership), members (if **you** are a limited liability company), or member of their households.
2. "**Cost of hire**" means the total amount paid by **you** for the hire of **autos**.

**Changes to Part I—Liability To Others**

When used in Part I—Liability To Others, the definition of **insured auto** is amended to include **hired auto**.

**Other Insurance**

The insurance provided by this Hired Auto Coverage endorsement is excess over any other valid and collectible insurance, whether primary, excess, or contingent.

**Premium agreement**

The premium for this Hired Auto Coverage is based on the **cost of hire**, and is subject to a minimum **cost of hire**. **We** may audit the **cost of hire** and charge appropriately for additional premium for up to three years after the policy expiration.

This does not alter or limit **our** general audit rights under the General Provisions section of this policy.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

Form 2366 (02/11)

## BLANKET ADDITIONAL INSURED ENDORSEMENT

This endorsement modifies insurance provided by the Commercial Auto Policy, Motor Truck Cargo Legal Liability Coverage Endorsement, and/or Commercial General Liability Coverage Endorsement, as appears on the **declarations page**. All terms and conditions of the policy apply unless modified by this endorsement.

If **you** pay the fee for this Blanket Additional Insured Endorsement, **we** agree with **you** that any person or organization with whom **you** have executed a written agreement prior to any **loss** is added as an additional **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to such additional **insured** only as a person or organization liable for **your** operations and then only to the extent of that liability. This endorsement does not apply to acts, omissions, products, work, or operations of the additional **insured**.

Regardless of the provisions of paragraph a. and b. of the "Other Insurance" clause of this policy, if the person or organization with whom **you** have executed a written agreement has other insurance under which it is the first named **insured** and that insurance also applies, then this insurance is primary to and non-contributory with that other insurance when the written contract or agreement between **you** and that person or organization, signed and executed by **you** before the **bodily injury** or **property damage** occurs and in effect during the policy period, requires this insurance to be primary and non-contributory.

In no way does this endorsement waive the "Other Insurance" clause of the policy, nor make this policy primary to third parties hired by the **insured** to perform work for the **insured** or on the **insured's** behalf.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

Form 2367 (06/10)

## BLANKET WAIVER OF SUBROGATION ENDORSEMENT

This endorsement modifies insurance provided by the Commercial Auto Policy, Motor Truck Cargo Legal Liability Coverage Endorsement, and/or Commercial General Liability Coverage Endorsement, as appears on the **declarations page**. All terms and conditions of the policy apply unless modified by this endorsement.

If **you** pay the fee for this Blanket Waiver of Subrogation Endorsement, **we** agree to waive any and all subrogation claims against any person or organization with whom a written waiver agreement has been executed by the named insured, as required by written contract, prior to the occurrence of any **loss**.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

Form 2368 (06/10)

## LOAN/LEASE GAP COVERAGE ENDORSEMENT

This endorsement modifies insurance provided by the Commercial Auto Policy. All terms and conditions of the policy apply unless modified by this endorsement.

**INSURING AGREEMENT—LOAN/LEASE PAYOFF COVERAGE**

If **you** pay the premium for this coverage, and the **insured auto** for which this coverage was purchased is deemed by **us** to be a **total loss**, **we** will pay, in addition to any amounts otherwise payable under Part II of **your** policy, the difference between:
1. the actual cash value of the **insured auto** at the time of the **total loss**; and
2. any greater amount the owner of the **insured auto** is legally obligated to pay under a written loan or lease agreement to which the **insured auto** is subject at the time of the **total loss**, reduced by:
   a. unpaid finance charges or refunds due to the owner for such charges;

b. excess mileage charges or charges for wear and tear;

c. charges for extended warranties or refunds due to the owner for extended warranties;

d. charges for credit insurance or refunds due to the owner for credit insurance;

e. past due payments and charges for past due payments; and

f. collection or repossession expenses.

However, **our** payment under this coverage shall not exceed the limit of liability shown on the **declarations page**. The limit of liability is a percentage of the actual cash value of the **insured auto** at the time of the loss.

This coverage applies only if **you** have purchased both Comprehensive Coverage and Collision Coverage for that **insured auto** and the loss is covered under one of those coverages.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

---

Form 2852 AL (02/19)

## UNINSURED/UNDERINSURED MOTORIST COVERAGE ENDORSEMENT

---

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy, and related endorsements, is modified as follows:

**INSURING AGREEMENT**

Subject to the limits of liability, if **you** pay the premium for Uninsured/Underinsured Motorist Coverage, **we** will pay for damages which an **insured** is legally entitled to recover from the **owner** or operator of an **uninsured auto** because of **bodily injury**:

1. sustained by an **insured**;

2. caused by an **accident**; and

3. arising out of the ownership, maintenance, or use of an **uninsured auto**.

An **insured** must notify **us** in writing at least 30 days before entering into any settlement with the **owner** or operator of an **uninsured auto**, or that person's liability insurer. In order to preserve **our** right of subrogation, **we** may elect to pay any sum offered in settlement by, or on behalf of, the **owner** or operator of an **uninsured auto**. If **we** do this, **you** agree to assign to **us** all rights that **you** have against the **owner** or operator of an **uninsured auto**.

**ADDITIONAL DEFINITIONS**

When used in this endorsement, whether in the singular, plural, or possessive:

1. "**Insured**" means:

   a. if the named insured shown on the **declarations page** is a natural person:
      (i) **you** or a **relative**;
      (ii) any person **occupying your insured auto** or a **temporary substitute auto**; and
      (iii) any person who is entitled to recover damages covered by this endorsement because of **bodily injury** sustained by a person described in (i) or (ii) above; or

   b. if the named insured shown on the **declarations page** is a corporation, partnership, organization, or any other entity that is not a natural person:
      (i) any person **occupying your insured auto** or a **temporary substitute auto**; and
      (ii) any person who is entitled to recover damages covered by this endorsement because of **bodily injury** sustained by a person described in (i) above.

   For purposes of this definition, **insured auto** includes **mobile equipment** that is:

   a. owned by **you**;

   b. leased, hired, or borrowed by **you** and **you** have purchased either "Hired Auto Coverage" or "Any Automobile Legal Liability Coverage" from **us**; or

   c. not owned, leased, hired, or borrowed by **you** and **you** have purchased either "Employer's Non-Ownership Liability Coverage" or "Any Automobile Legal Liability Coverage" from **us**.
   However, **mobile equipment** meeting any of those three criteria will be included in the definition only if at the time of **loss** it is being:
      i. used in **your** business;
      ii. operated on a public highway; and
      iii. operated in a state or province where it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law.

2. "**Non-owned auto**" means any **auto** that is not **owned** by **you** or furnished for **your** regular use and, if the named insured is a natural person, not **owned** by or furnished for the regular use of the named insured's spouse or **relative**.

3. "**Owned**" means the person or organization:

   a. holds legal title to the vehicle;

   b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six months or more; or

   c. has legal possession of the vehicle that is leased to that person or organization under a written agreement for a continuous period of six months or more.

4. "**Owner**" means the person or organization who, with respect to a vehicle:
a. holds legal title to the vehicle;
b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six months or more; or
c. has legal possession of the vehicle that is leased to that person or organization under a written agreement for a continuous period of six months or more.

5. "**Uninsured auto**" means an **auto** or trailer of any type:
a. to which no bodily injury liability bond or policy applies at the time of the **accident**;
b. to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but the bonding or insuring company:
   (i) denies coverage; or
   (ii) is or becomes insolvent;
c. to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but its limit of liability for **bodily injury** is less than the minimum limit of liability for **bodily injury** specified by the financial responsibility law of the state in which the **insured auto** is principally garaged;
d. to which the operator or **owner** cannot be identified and which causes an **accident** resulting in **bodily injury** to an **insured**. If there is no physical contact with that **auto**, the facts of the **accident** must be proven by competent evidence; or
e. to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but the sum of all applicable limits of liability for **bodily injury** is less than the damages which the **insured** is legally entitled to recover.

An "**uninsured auto**" does not include any motorized auto or equipment:
a. **owned** or operated by a self-insurer under any applicable vehicle law, except a self-insurer that is or becomes insolvent;
b. designed mainly for use off public roads, while not on public roads;
c. while being used as a residence or premises;
d. shown on the **declarations page** of this policy; or
e. not required to be registered as a motor vehicle.

**EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

1. Coverage under this endorsement is not provided for **bodily injury** sustained by any person while using or **occupying**:
a. an **insured auto** without the express or implied permission of **you** or, if the named insured is a natural person, a **relative**; or
b. a **non-owned auto** without the express or implied permission of the **owner**.

2. Coverage under this endorsement will not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar laws:
   a. workers' compensation law; or
   b. disability benefits law.

**LIMITS OF LIABILITY**

Regardless of the number of premiums paid, or the number of trailers shown on the **declarations page**, or the number of policies issued by **us**, or the number of vehicles or **insureds** involved in an **accident**, or the number of claims or lawsuits arising out of an **accident**, **we** will pay no more than the limit of liability shown for Uninsured/Underinsured Motorist Coverage on the **declarations page**.

If coverage under this endorsement applies to one **insured auto**, **our** maximum limit of liability is the amount shown on the **declarations page** for coverage under this endorsement. However, if coverage under this endorsement applies to more than one **insured auto**, **our** limit of liability will be the amount shown on the **declarations page** for coverage under this endorsement multiplied by the number of **insured autos** listed on this policy as covered under this endorsement, not to exceed three.

If the **declarations page** shows that "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages resulting from any one **accident**. However, without changing this total "each accident" limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

If **your declarations page** shows a split limit:
1. the amount shown for "each person" is the most **we** will pay for all damages due to a **bodily injury** to one person; and
2. subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one **accident**.

The "each person" limit of liability includes the total of all claims made for **bodily injury** to an **insured** and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

The damages which an **insured** is legally entitled to recover because of **bodily injury** shall be reduced by:
1. all sums paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible; and
2. any difference between the sums paid by the insurers of the person or organizations who may be legally responsible and the limits of liability under those bonds and policies.

**We** shall not be obligated to pay under this endorsement any damages that an **insured** may be entitled to recover from the **owner** or operator of an **uninsured auto** that represents expenses for medical services paid under any applicable Medical Payments Coverage endorsement⊠

No one will be entitled to duplicate payments for the same elements of damages⊠

Any judgment or settlement for damages against an operator or **owner** of an **uninsured auto** that arises out of a lawsuit brought without **our** written consent is not binding on **us**⊠

**OTHER INSURANCE**

When the named insured is a natural person, if there is other applicable uninsured or underinsured motorist coverage, **we** will pay only **our** share of the damages⊠**Our** share is the proportion that **our** limit of liability bears to the total of all available coverage limits⊠However, any insurance **we** provide shall be excess over any other uninsured or underinsured motorist coverage, except for **bodily injury** to **you** or a **relative** when **occupying** an **insured auto**⊠

When the named insured is a corporation, partnership, organization or any other entity that is not a natural person, if there is other applicable uninsured or underinsured motorist coverage, **we** will pay only **our** share of the damages⊠**Our** share is the proportion that **our** limit of liability bears to the total of all available coverage limits⊠However, any insurance **we** provide for the occupant of an **insured auto** shall be excess over any other uninsured or underinsured motorist coverage⊠

**We** will not pay for any damages that would duplicate any payment made for damages under other insurance⊠

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

Form 4717 (02/19)

**TRAILER INTERCHANGE COVERAGE ENDORSEMENT**

This endorsement modifies insurance provided by the Commercial Auto Policy⊠ All terms and conditions of the policy apply unless modified by this endorsement⊠

**INSURING AGREEMENT**

Subject to the Limits of Liability, if **you** pay the premium for Trailer Interchange Coverage, **we** will pay damages for **property damage** for which **you** become

legally responsible because of **loss** to a **trailer** not owned by **you**, and its equipment, while in **your** possession⊠The **trailer** must be in **your** possession under a written trailer or equipment interchange agreement in which **you** assume liability for **loss** to the **trailer** while in **your** possession⊠

**We** will pay for a **loss** to the **trailer** and its equipment under the coverages described below, as reflected on **your declarations page**:

a⊠ Collision Coverage⊠For **loss** caused by:
   (i)   The **trailer's** collision with another object; or
   (ii)  The **trailer's** overturn⊠
b⊠ Comprehensive Coverage⊠For any **loss** except one caused by:
   (i)   The **trailer's** collision with another object; or
   (ii)  The **trailer's** overturn⊠

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this endorsement⊠**We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements⊠

## ADDITIONAL DEFINITION

"**Trailer**", when used in this endorsement, includes a shipping container⊠

## ADDITIONAL PAYMENTS

In addition to **our** Limit of Liability, **we** will pay for an **insured**:

a⊠ all expenses **we** incur in the settlement of any claim or defense of any lawsuit;
b⊠ interest accruing after entry of judgment on that part of the judgment that does not exceed **our** Limit of Liability⊠This payment does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured**⊠ **Our** payment, offer in writing, or deposit in court of that part of the judgment which does not exceed **our** Limit of Liability ends **our** duty to pay interest that accrues after the date of **our** payment, written offer, or deposit⊠
c⊠ the premiums on any appeal bond or attachment bond required in any lawsuit **we** defend⊠ **We** have no duty to purchase a bond in a principal amount exceeding **our** Limit of Liability, and **we** have no duty to apply for or furnish these bonds;
d⊠ reasonable expenses, including loss of earnings up to $250 a day, incurred at **our** request;
e⊠ all reasonable expenses necessary to return a stolen **trailer** to **you**, unless **we** determine the **trailer** to be a total loss; and
f⊠ all reasonable expenses necessary to remove a **trailer** from the site of an **accident** or **loss** and transport it to a repair facility⊠

**EXCLUSIONS**

a. **We** will not pay for **loss** caused by or resulting from any of the following. Such **loss** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**.
  (i) Nuclear Hazard.
    (1) The explosion of any weapon employing atomic fission or fusion; or
    (2) Nuclear reaction or radiation, or radioactive contamination, however caused.
  (ii) War or Military Action.
    (1) War, including undeclared or civil war;
    (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign, or other authority using military personnel or agents; or
    (3) Insurrection, rebellion, revolution, usurped power, or action taken by a governmental authority in hindering or defending against any of these.
b. **We** will not pay for loss of use.
c. **We** will not pay for **loss** caused by, or resulting from, any of the following unless caused by another **loss** that is covered by this insurance;
  (i) Wear and tear, freezing, mechanical or electrical breakdown, or structural failure caused by material fatigue, decomposition, or corrosion; or
  (ii) Blowouts, punctures, or other road damage to tires.

**LIMIT OF INSURANCE AND DEDUCTIBLE**

The most **we** will pay for **loss** to any one **trailer** is the least of the following amounts minus any applicable deductible shown on the **declarations page**:
a. The actual cash value of the damaged or stolen property at the time of the **loss**;
b. The amount necessary to replace the stolen or damaged property with other of like kind and quality;
c. The amount necessary to repair the damaged property to its pre-loss condition; or
d. The applicable Limit of Liability for the property as shown on the **declarations page**.

A single deductible will be applied to any **loss**. In the event there are different deductible amounts applicable to the **loss**, the higher deductible will be applied. In all events, the deductible will be applied against the limit of liability. If a **loss** involves another coverage added by endorsement to the policy, only one deductible will apply to the entire **loss** event. No deductible will apply to payments made under the Additional Payments section for expenses necessary to return a stolen **trailer** to **you**.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

# MEDICAL PAYMENTS COVERAGE ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

## INSURING AGREEMENT

Subject to the Limits of Liability, if **you** pay the premium for Medical Payments Coverage, **we** will pay the **usual and customary charge** for reasonable and necessary expenses, incurred within three years from the date of an **accident**, for medical and funeral services because of **bodily injury**:

1. sustained by an **insured**;
2. caused by an **accident**; and
3. arising out of the ownership, maintenance or use of a motor vehicle or **trailer**.

Any dispute as to the **usual and customary charge** will be resolved between the service provider and **us**.

## ADDITIONAL DEFINITIONS

When used in this endorsement, whether in the singular, plural, or possessive:

1. "**Insured**" means:
   a. if the named insured shown on the **declarations page** is a natural person:
      (i) **you** while **occupying** any **auto**, other than an **auto owned** by **you** which is not an **insured auto**;
      (ii) a **relative** while **occupying** an **insured auto**, **temporary substitute auto**, or **non-owned auto**;
      (iii) **you** or any **relative** when struck by a land motor vehicle of any type, or a **trailer,** while not **occupying** a motor vehicle; and
      (iv) any other person while **occupying** an **insured auto**, **temporary substitute auto**, or a **trailer** while attached to an **insured auto**; or
   b. if the named insured shown on the **Declarations Page** is a corporation, partnership, organization or any other entity that is not a natural person, any person **occupying your insured auto**, **temporary substitute auto**, or a **trailer** while attached to an **insured auto**.
   For purposes of this definition, **insured auto** includes **mobile equipment** that is:
      (i) owned by **you**;

> (ii) leased, hired, or borrowed by **you** and **you** have purchased either "Hired Auto Coverage" or "Any Automobile Legal Liability Coverage" from **us**; or
>
> (iii) not owned, leased, hired, or borrowed by **you** and **you** have purchased either "Employer's Non-Ownership Liability Coverage" or "Any Automobile Legal Liability Coverage" from **us**.
>
> However, **mobile equipment** meeting any of those three criteria will be included in the definition only if at the time of **loss** it is being:
>
> (i) used in **your** business;
>
> (ii) operated on a public highway; and
>
> (iii) operated in a state or province where it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law.

2. "**Non-owned auto**" means any **auto** that is not **owned** by **you** or furnished for **your** regular use and, if the named insured is a natural person, not **owned** by or furnished for the regular use of the named insured's spouse or a **relative**.

3. "**Owned**" means the person or organization:

a. holds legal title to the vehicle;

b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six months or more; or

c. has legal possession of the vehicle that is leased to that person or organization under a written agreement for a continuous period of six months or more.

4. "**Owner**" means the person or organization who, with respect to a vehicle:

a. holds legal title to the vehicle;

b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six months or more; or

c. has legal possession of the vehicle that is leased to that person or organization under a written agreement for a continuous period of six months or more.

5. "**Usual and customary charge**" means an amount which **we** determine represents a customary charge for services in the geographical area in which the service is rendered. **We** shall determine the usual and customary charge through the use of independent sources of **our** choice.

**<u>EXCLUSIONS</u>—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

Coverage under this endorsement does not apply to **bodily injury**:

1. sustained while **occupying** any **auto** or **trailer** while being used as a residence or premises;

2. occurring during the course of employment if workers' compensation coverage should apply;

3. arising out of an **accident** involving an **auto** or **trailer** while being used by a person while employed or engaged in the business of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles, unless that business is **yours**;

4. resulting from any pre-arranged or organized racing, speed or demolition contest, stunting activity, or in practice or preparation for any such contest or activity;

5. due to a nuclear reaction or radiation;

6. for which insurance is afforded under a nuclear energy liability insurance contract;

7. for which the United States Government is liable under the Federal Tort Claims Act;

8. sustained by any person while **occupying** an **insured auto**, **temporary substitute auto**, or **trailer** without the express or implied permission of **you** or, if the named insured is a natural person, a **relative**;

9. sustained by any person while **occupying** a **non-owned auto** without the express or implied permission of the **owner**;

10. that is intentionally inflicted on an **insured** at that person's request or self-inflicted; or

11. sustained while **occupying** any vehicle that has less than four wheels or is not designed for operation principally upon public roads.

## LIMITS OF LIABILITY

Regardless of the number of premiums paid, or the number of **insured autos** or **trailers** shown on the **declarations page**, or the number of policies issued by **us**, or the number of vehicles or **insureds** involved in an **accident**, or the number of claims or lawsuits arising out of an **accident**, **we** will pay no more than the Limit of Liability shown for Medical Payments Coverage on the **declarations page**.

Any amount payable to an **insured** under this endorsement will be reduced by any amount paid or payable for the same expense under Part I—Liability To Others or paid under any applicable Uninsured/Underinsured Motorist Coverage Endorsement.

No one will be entitled to duplicate payments under this policy for the same elements of damages.

## OTHER INSURANCE

If there is other applicable **auto** medical payments insurance, **we** will pay only **our** share of the medical and funeral services. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for an **insured occupying**:

1. an **auto**, other than an **insured auto** or **temporary substitute auto**; or

2. a **trailer**, other than a **trailer** while connected to an **insured auto**;

will be excess over any other **auto** or **trailer** insurance providing payments for medical or funeral expenses.

## ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.

# CANCELLATION AND NONRENEWAL ENDORSEMENT

Except as specifically modified in this Endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with you that the insurance provided under **your** Commercial Auto Policy is modified as follows:

## CANCELLATION

**You** may cancel this policy by calling or writing **us**, and stating the future date that **you** wish the cancellation to be effective.

**We** may cancel this policy by mailing a notice of cancellation to the named insured shown on the **Declarations Page** at the last known address appearing in **our** records. **We** will also mail the same written notice of cancellation **we** provide to **you** to any lienholder, pledge or other person shown in the policy with a financial interest in **your** **insured auto**, at their last known address appearing in **our** records.

If **we** cancel this policy at any time due to nonpayment of premium, notice of cancellation will be mailed at least ten (10) days before the effective date of cancellation. Notice of cancellation due to any reason other than nonpayment of premium will be mailed at least forty-five (45) days before the effective date of cancellation.

With respect to cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverage for all persons and all **autos**.

If this policy is canceled, coverage will not be provided as of the effective date and time shown in the notice of cancellation.

## CANCELLATION REFUND

Upon cancellation, **you** may be entitled to a premium refund. However, **our** making or offering of a refund is not a condition of cancellation.

If this policy is canceled, any refund due will be computed on a daily pro-rata basis.

## NONRENEWAL

If **we** decide not to renew or continue this policy, **we** will mail notice of nonrenewal to the first named insured shown on the **Declarations Page** at the last known address appearing in **our** records. Notice will be mailed at least thirty (30) days before the end of the policy period.

**PROOF OF NOTICE**

Proof of mailing of any notice will be sufficient proof of notice⊠

**ALL OTHER TERMS, LIMITS AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

Form 4881 AL (02/19)

## ALABAMA AMENDATORY ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply⊠

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

**PART I—LIABILITY TO OTHERS**

The first paragraph in Part I—Liability To Others is deleted and replaced by the following:

Subject to the limits of liability, if **you** pay the premium for liability coverage, **we** will pay:
1⊠ damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for **bodily injury**, **property damage**, and **covered pollution costs or expense**; and
2⊠ punitive damages due for wrongful death;
for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of an **insured auto**⊠However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies⊠

The following is added as an additional paragraph at the end of the Exclusions section:

Pollution Exclusion Buy Back—If a payment is made subject to the MCS90 endorsement, the reimbursement language in the MCS90 endorsement is removed for a claim that is not covered under **covered pollution cost or expense** or is excluded under Exclusion 7 or 10 under Part I—Liability to Others⊠

**GENERAL PROVISIONS**

The following is added to Subsection 11—Fraud or Misrepresentation:

If **we** have certified this policy as proof of financial responsibility and **we** void this policy, this shall not affect coverage under Part I—Liability To Others up to the minimum limits required by the financial responsibility law of the state shown on **your** application

as **your** residence for an **accident** that occurs before **we** notify the named insured that the policy is void. No payment will be made to any person who engages in fraudulent conduct. If **we** void this policy, **you** must reimburse **us** if **we** make a payment.

**ALL OTHER TERMS, LIMITS AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

---

Form 5701 (02/19)

## INDIVIDUAL NAMED INSURED ENDORSEMENT

---

Not all customers are eligible for this coverage. This endorsement applies to **your** policy only if the form number appears on **your declarations page.** In no event will this coverage apply if the named insured is a corporation, partnership, organization, or any other entity that is not a natural person.

This endorsement changes **your** policy. Please read it carefully.

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT**

As used in this endorsement:
1. "**You**" and "**yours**" include **your** spouse, if a resident of the same household, except for notice of cancellation.
2. "**Non-owned auto**" means any **private passenger auto**, pickup, van, or **trailer** not owned by or furnished or available for the regular use of **you** or any **relative**, while it is in the custody of or being operated by **you** or any **relative**, with the permission of its owner.

**CHANGES IN PART I—LIABILITY TO OTHERS**

A. If **you** are an individual, Exclusion 6 does not apply to **bodily injury** to **your** or any **relative's** fellow **employees.**

B. If any **private passenger auto you** own is an **insured auto** under Part I— Liability To Others and that **auto** is not used for any business purpose other than ranching or farming:
   1. **Relatives** are **insureds** for any **insured auto you** own that is a **private passenger auto** and is not used for any business purpose other than ranching or farming, and for any other **auto** described in paragraph B.2. of this endorsement.
   2. Any **auto you** do not own is an **insured auto** while being used, with the permission of its owner, by **you** or by any **relative** except:
      a. Any **auto** owned by any **relative.**

b. Any **auto** furnished or available for **your** or any **relative's** regular use, including any **auto** rented for a period of more than 30 days.

c. Any **auto** used by **you** or by any of **your relatives** while working in a business of selling, servicing, repairing, or parking **autos**.

d. Any **auto** other than a **private passenger auto** used by **you** or any of **your relatives** while working in any business or occupation.

3. Exclusion 10 does not apply to any **insured auto** that is a **private passenger auto** and is not used for any business purpose other than ranching or farming.

4. Exclusion 16 is deleted and replaced by the following:

**Vehicle Sharing—Private Passenger Autos**

**Bodily injury** or **property damage** arising out of the use of an **insured auto** that is a **private passenger auto** while being used in connection with a **personal vehicle sharing program**. This exclusion does not apply to the operation of an **insured auto** by **you** or a **relative**.

## CHANGES IN PART II—DAMAGE TO YOUR AUTO

A. If any **private passenger auto you** own is an **insured auto** under Part II—Damage To Your Auto, and that **auto** is not used for any business purpose other than ranching or farming, then a **non-owned auto** will also be considered an **insured auto**. However, the most **we** will pay for **loss** to a **non-owned auto** that is a **trailer** is $500.

B. Exclusion 9 is deleted and replaced by the following:

**We** will not pay for **loss** to an **insured auto** while being used in connection with a **personal vehicle sharing program**. This exclusion does not apply to the operation of an **insured auto** by **you** or a **relative**.

## ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED.

Form Z228 (01/11)

## MOBILE EQUIPMENT AS INSURED AUTOS ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

## PART I—LIABILITY TO OTHERS

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY** is modified as follows:

B⊠ When used in PART I—LIABILITY TO OTHERS, **insured auto** also includes:
1⊠ **Trailers**, designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;
2⊠ **Mobile equipment** while being carried or towed by an **insured auto**;
3⊠ Any **temporary substitute auto**; and
4⊠ Any **mobile equipment** owned by **you**, or if **you** have purchased Hired Auto or Non-owned Auto coverage, leased or hired by **you**, when subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged⊠This does not change the effect of exclusion 13 concerning the operation of **mobile equipment**⊠

## MEDICAL PAYMENTS COVERAGE

If **you** pay the premium for Medical Payments Coverage, that endorsement is modified as follows:

## ADDITIONAL DEFINITIONS

The definition of "**Insured**" is deleted and replaced by:
"**Insured**" means:
a⊠ if the named insured shown on the **Declarations Page** is a natural person:
(i) **you** while **occupying** any **auto**, other than an **auto owned** by **you** which is not an **insured auto**;
(ii) a **relative** while **occupying** an **insured auto**, **temporary substitute auto**, or **non-owned auto**;
(iii) **you** or any **relative** when struck by a land motor vehicle of any type, or a **trailer**, while not **occupying** a motor vehicle; and
(iv) any other person while **occupying** an **insured auto**, **temporary substitute auto**, or a **trailer** while attached to an **insured auto**; or
b⊠ if the named insured shown on the **Declarations Page** is a corporation, partnership, organization or any other entity that is not a natural person, any person **occupying your insured auto**, **temporary substitute auto**, or a **trailer** while attached to an **insured auto**⊠
For purposes of this definition, **insured auto** includes **mobile equipment owned** by **you**, or if **you** have purchased Hired Auto or Non-owned Auto coverage, leased or hired by **you**, when it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged⊠

## UNINSURED MOTORIST AND UNDERINSURED MOTORIST COVERAGES

If **you** pay the premium for Uninsured Motorist Coverage and/or Underinsured Motorist Coverage, that endorsement is modified as follows:

## ADDITIONAL DEFINITIONS

The definition of "**Insured**" is deleted and replaced by:
"**Insured**" means:
a⊠ if the named insured shown on the **Declarations Page** is a natural person:
 (i) **you** or a **relative**;
 (ii) any person **occupying your insured auto** or a **temporary substitute auto**; and
 (iii) any person who is entitled to recover damages covered by this endorsement because of **bodily injury** sustained by a person described in (i) or (ii) above; or
b⊠ if the named insured shown on the **Declarations Page** is a corporation, partnership, organization or any other entity that is not a natural person:
 (i) any person **occupying your insured auto** or a **temporary substitute auto**; and
 (ii) any person who is entitled to recover damages covered by this endorsement because of **bodily injury** sustained by a person described in (i) above⊠

For purposes of this definition, **insured auto** includes **mobile equipment owned** by **you**, or if **you** have purchased Hired Auto or Non-owned Auto coverage, leased or hired by **you**, when it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged⊠

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

---

Form Z438 (02/19)

## GARAGE OPERATIONS PHYSICAL DAMAGE LEGAL LIABILITY COVERAGE ENDORSEMENT

---

This endorsement modifies **your** Commercial Auto Policy⊠Except as specifically modified by this endorsement, all provisions of the Commercial Auto Policy apply⊠

THIS ENDORSEMENT APPLIES ON A LEGAL LIABILITY BASIS UNLESS ONE OF THE DIRECT COVERAGE OPTIONS LISTED BELOW IS SHOWN ON **YOUR DECLARATIONS PAGE**⊠

## DIRECT COVERAGE OPTIONS

**Direct Excess Insurance.** If this "Direct Excess" option is shown on **your declarations page**, the On-Hook Towing Physical Damage Legal Liability and Garagekeepers Storage Location Physical Damage Legal Liability coverages pro-

vided by this endorsement are modified to apply without regard to **your** or any other **insured's** legal liability for **loss** to a **customer's auto** or **towed property**, and is excess over any other collectible insurance regardless of whether the other insurance covers **your** or any other **insured's** interest or the interest of the owner of the **customer's auto** or **towed property**.

**Direct Primary Insurance.** If this "Direct Primary" option is shown on **your declarations page**, the On-Hook Towing Physical Damage Legal Liability and Garagekeepers Storage Location Physical Damage Legal Liability coverages provided by this endorsement are modified to apply without regard to **your** or any other **insured's** legal liability for **loss** to a **customer's auto**, or **towed property**, and is primary insurance.

**INSURING AGREEMENT—ON-HOOK TOWING PHYSICAL DAMAGE LEGAL LIABILITY COVERAGE**

If **you** pay the premium for this On-Hook Towing Physical Damage Legal Liability coverage and it is shown on **your declarations page** as "On-Hook Legal Liability", **we** will pay all sums for which an **insured** is legally liable to pay for **property damage** for **loss** to **towed property**. **We** will pay under this coverage only if a limit of liability and a premium is shown for this coverage on the **declarations page**.

**We** will have the right and duty to defend any **insured** against a lawsuit asking for these damages. However, **we** have no duty to defend any **insured** against a lawsuit seeking damages for **loss** to which this insurance does not apply. **We** may investigate and settle any claim or lawsuit as **we** consider appropriate. **Our** duty to defend or settle ends when the limit of liability for this coverage has been exhausted by payment of judgments or settlements.

**INSURING AGREEMENT—GARAGEKEEPERS STORAGE LOCATION PHYSICAL DAMAGE LEGAL LIABILITY COVERAGE**

If **you** pay the premium for this Garagekeepers Storage Location Physical Damage Legal Liability coverage and it is shown on **your declarations page** as "Garagekeepers Legal Liability", **we** will pay all sums for which an **insured** is legally liable to pay as **property damage** for **loss** to a **customer's auto** or **customer's auto** equipment left in the **insured's** care while the **insured** is attending, servicing, repairing, parking, or storing it in **your garage operations** under:

1. Comprehensive Coverage.
   From any cause except:
   a. Collision of the **customer's auto** with another object; or
   b. Overturn of the **customer's auto**.

2. Collision Coverage.
   Caused by:
   a. Collision of the **customer's auto** with another object; or
   b. Overturn of the **customer's auto**.

**We** will have the right and duty to defend any **insured** against a lawsuit asking for these damages. However, **we** have no duty to defend any **insured** against a lawsuit seeking damages for **loss** to which this insurance does not apply. **We** may investigate and settle any claim or lawsuit as **we** consider appropriate. **Our** duty to defend or settle ends when the limit of liability for this coverage has been exhausted by payment of judgments or settlements.

**We** will pay under this coverage only if a limit of liability and a premium is shown for this coverage on the **declarations page**, and only for the locations listed on **your declarations page**.

## ADDITIONAL DEFINITIONS

The following additional definitions apply throughout this Garage Operations Physical Damage Legal Liability Coverage endorsement whenever the defined term appears in boldface type, whether in the singular, plural, or possessive:

1. "**Customer's auto**" means a customer's land motor vehicle, **trailer**, or **watercraft**, including a **customer's auto** left with **you** for service, repair, storage, or safekeeping. Customers include **your employees** and their **relatives** who pay for services performed.

2. "**Garage operations**" means the ownership, maintenance, or use of the locations shown on **your declarations page** for the purpose of a business of selling, servicing, repairing, parking, or storing **customers' autos**, and that portion of the roads or other accesses that adjoin such locations. **Garage operations** also includes all operations necessary or incidental to the performance of **garage operations**.

3. "**Insured**" means:
   a. **you**; and
   b. **your** partners (if **you** are a partnership), members (if **you** are a limited liability company), employees, directors, or shareholders, but only while acting within the scope of their duties.

4. "**Loaded in or on**" means connected to.

5. "**Towed property**" means tangible property, not owned by or registered to **you**, in transit while **loaded in or on**, or conveyed by, an **insured auto**. **Towed property** also means property when it is moved from the place where **you** accept it for movement by or onto **your insured auto** and after it is moved from **your insured auto** to the place where it is finally delivered by **you**. **Towed property** includes a towed **auto** or **watercraft**.

6. "**Watercraft**" means any craft, boat, vessel, or ship designed to transport persons or property by water.

7. "**Work you performed**" includes:
   a. Work that someone performed on **your** behalf; and
   b. The providing of, or the failure to provide, warnings or instructions.

## ADDITIONAL PAYMENTS

In addition to **our** limit of liability, **we** will pay for an **insured** under this endorsement:

1. All expenses **we** incur in the settlement of any claim or defense of any lawsuit;
2. The premium on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in a principal amount exceeding **our** limit of liability, and **we** have no duty to apply for or furnish these bonds;
3. Reasonable expenses incurred by that **insured** at **our** request, including loss of earnings up to $250 per day;
4. All costs taxed against the **insured** in any lawsuit against that **insured we** defend; and
5. Interest accruing after entry of judgment on that part of the judgment that does not exceed **our** limit of liability. This does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured**.

   **Our** payment, offer in writing, or deposit in court of that part of the judgment that does not exceed **our** limit of liability ends **our** duty to pay interest that accrues after the date of **our** payment, written offer, or deposit.

**EXCLUSIONS—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE PROVIDED.**

1. The On-Hook Towing Physical Damage Legal Liability and Garagekeepers Storage Location Physical Damage Legal Liability coverages under this endorsement do not apply to any of the following:
   a. Liability resulting from any contract or agreement by which the **insured** accepts responsibility for **loss**. This exclusion does not apply to an agreement that is an **insured contract** that was executed prior to the occurrence of any **property damage**;
   b. **Loss** due to theft or conversion caused in any way by **you** or **your** employees, partners, members, directors, or shareholders;
   c. Defective parts or materials;
   d. Faulty **work you performed**;
   e. **Loss** to any of the following:
      (i) Tape decks or other sound-reproducing equipment unless permanently installed in a **customer's auto**;
      (ii) Tapes, records, or other sound-reproducing devices designed to be used with sound-reproducing equipment;

    (iii) Sound-receiving equipment designed for use as a citizens band radio, two-way mobile radio, or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the **customer's auto** manufacturer for the installation of a radio; or

    (iv) Any device designed or used to detect speed measurement equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment;

f☒ **Loss** caused by:

    (i)  War, including undeclared or civil war;

    (ii) Warlike action by a military force, including any action to hinder or defend against an actual or expected attack, by any government, sovereign, or other authority using military personnel or other agents;

    (iii) Insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these; or

    (iv) Nuclear reaction or radioactive contamination☒

This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**;

g☒ **Loss** caused by strikes, lockouts, riots, civil commotion, or disorder; or

h☒ **Loss** due to inherent vice, delay, loss of profit, loss of market, loss of market value, or loss of use☒

2☒ On-Hook Towing Physical Damage Legal Liability Coverage does not apply to:

a☒ **Loss** to tarpaulins, tools, repair equipment, or materials and equipment for loading or unloading, which are carried in or on the **insured auto**;

b☒ **Loss** to any **towed property** while it is in the custody of anyone other than an **insured**;

c☒ **Loss** to objects of art, including paintings and statuary;

d☒ **Loss** to jewelry; precious or semi-precious stones; gold, silver, platinum, or other precious metals or alloys;

e☒ **Loss** to live animals;

f☒ **Loss** to papers of any kind, including, but not limited to, money, securities, accounts, bills, currency, food stamps, notes, tickets, any other evidences of debt, passports, deeds, mechanical drawings, blueprints, manuscripts, or exhibits;

g☒ Debris removal, including extraction of pollutants from land or water; or removal, restoration, or replacement of polluted land or water;

h☒ **Loss** caused by order of any civil authority, including seizure, confiscation, destruction, or quarantine of property;

i☒ **Loss** to contraband or property in the course of illegal transportation or trade;

j☒ **Loss** to property caused by contamination or deterioration, including corrosion; decay; fungus; mildew; mold; rot; rust; any quality, fault, or weakness in the property that causes it to damage or destroy itself; or humidity, dampness, dryness, or changes in or extremes of temperature;

k⬛ **Loss** caused by or resulting from release, discharge, seepage, migration, dispersal, or escape of **pollutants**;

l⬛ **Loss** caused by or resulting from criminal, fraudulent, dishonest, or illegal acts committed alone or in collusion with another by an **insured**, anyone to whom **you** entrust the **towed property**, or anyone who has an interest in the property;

m⬛ **Loss** caused by or resulting from voluntary parting with title to or possession of any property because of any fraudulent scheme, trick, or false pretense;

n⬛ **Loss** caused by the explosion of explosives; or

o⬛ **Loss** to computers and electronic goods, including, but not limited to, computer hardware and component parts, televisions, DVD players, stereo or other sound reproduction equipment, or any other electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to store or play back recorded media⬛

## LIMITS OF LIABILITY

1⬛ **On-Hook Towing Physical Damage Legal Liability Coverage.**
Regardless of the number, amount, or units of **towed property** or **insured autos**, **insureds**, premiums paid, claims made or lawsuits brought, the most **we** will pay for each **loss** is the aggregate amount of damages to all **towed property** while being **loaded in or on** or conveyed by one **insured auto**, not to exceed the limit of liability shown on the **declarations page** for this "On-Hook Legal Liability" coverage⬛

The most **we** will pay for **loss** to any **towed property** is the least of the following amounts:

a⬛ The actual cash value of the damaged or stolen property at the time of **loss**;

b⬛ The cost of repairing or replacing the damaged or stolen property with other of like kind and quality to the extent practicable; or

c⬛ An agreed or appraised value for the property⬛ **We** may keep all or part of the property at the agreed or appraised value, but there shall be no abandonment to **us**⬛

2⬛ **Garagekeepers Storage Location Physical Damage Legal Liability Coverage.**
Regardless of the number of **customer's autos** or **insured autos**, **insureds**, premiums paid, claims made, or lawsuits brought, the most **we** will pay for each **loss** at each location is the "Garagekeepers Legal Liability" coverage limit shown on the **declarations page** for that location⬛

The most **we** will pay for a **loss** to any one **customer's auto** or all **customer's auto** equipment is the least of the following amounts:

a⬛ The actual cash value of the damaged or stolen property at the time of **loss**;

b⬛ The cost of repairing or replacing the damaged or stolen property with other of like kind and quality to the extent practicable; or

56

c. An agreed or appraised value for the property. **We** may keep all or part of the property at the agreed or appraised value, but there shall be no abandonment to **us**.

If the repair or replacement results in better than like kind and quality, **we** will not pay for the amount of the betterment.

An adjustment for depreciation or physical condition will be made in determining actual cash value in the event of a total loss.

In the event of payment of actual cash value for a total loss, **we** are entitled to all salvage, or credit for salvage, resulting from such **loss**.

3. **Deductibles.**

For each **loss** that qualifies for coverage under the On-Hook Towing Physical Damage Legal Liability Coverage, the deductible shown on the **declarations page** will be applied.

For each **loss** that qualifies for coverage under the Garagekeepers Storage Location Physical Damage Legal Liability Coverage, the "Each auto" deductible shown on the **declarations page** will be applied separately to each **customer's auto** or **towed property** sustaining **loss** as a result of a single **loss** event. The maximum aggregate deductible applied for a single **loss** event will not exceed the "Each occurrence" deductible shown on the **declarations page**.

If **we** pay all or any part of a deductible in the settlement of any claim or lawsuit, **you** must reimburse **us** for the deductible or the portion thereof that **we** paid.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

---

Form Z439 (02/19)

## NON-OWNED TRAILER PHYSICAL DAMAGE COVERAGE ENDORSEMENT

---

This endorsement modifies insurance provided by the Commercial Auto Policy. All terms and conditions of the policy apply unless modified by this endorsement.

**INSURING AGREEMENT**

Subject to the Limits of Liability, if **you** pay the premium for Non-Owned Trailer Physical Damage Coverage, **we** will pay damages for **property damage** for which **you** become legally responsible because of **loss** to a **trailer** not owned by **you**, and its equipment, while in **your** possession.

**We** will pay for a **loss** to the non-owned **trailer** and its equipment under the coverages described below, as reflected on **your declarations page**:

a. Collision Coverage—For **loss** caused by:
   (i) The **trailer's** collision with another object; or
   (ii) The **trailer's** overturn.
b. Comprehensive Coverage—For any **loss** except one caused by:
   (i) The **trailer's** collision with another object; or
   (ii) The **trailer's** overturn.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this endorsement. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

## ADDITIONAL PAYMENTS

In addition to **our** Limit of Liability, **we** will pay for an **insured**:

a. all expenses **we** incur in the settlement of any claim or defense of any lawsuit;
b. interest accruing after entry of judgment on that part of the judgment that does not exceed **our** Limit of Liability. This payment does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured**.

   **Our** payment, offer in writing, or deposit in court of that part of the judgment which does not exceed **our** Limit of Liability ends **our** duty to pay interest that accrues after the date of **our** payment, written offer, or deposit;
c. the premium on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in a principal amount exceeding **our** Limit of Liability, and **we** have no duty to apply for or furnish these bonds;
d. reasonable expenses, including loss of earnings up to $250 a day, incurred at **our** request;
e. all reasonable expenses necessary to return a stolen **trailer** to **you**, unless **we** determine the **trailer** to be a total loss; and
f. all reasonable expenses necessary to remove a **trailer** from the site of an **accident** or **loss** and transport it to a repair facility.

## ADDITIONAL DEFINITION USED IN THIS ENDORSEMENT

The following definition applies to this endorsement only:

"**Trailer**", when used in this endorsement, includes a shipping container.

## EXCLUSIONS

a. **We** will not pay for **loss** caused by or resulting from any of the following. Such **loss** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**.
   (i) Nuclear Hazard.

(1) The explosion of any weapon employing atomic fission or fusion; or

(2) Nuclear reaction or radiation, or radioactive contamination, however caused⊠

(ii) War or Military Action⊠

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign, or other authority using military personnel or agents; or

(3) Insurrection, rebellion, revolution, usurped power, or action taken by a governmental authority in hindering or defending against any of these⊠

b⊠ **We** will not pay for loss of use⊠

c⊠ **We** will not pay for **loss** caused by, or resulting from, any of the following unless caused by another **loss** that is covered by this insurance;

(i) Wear and tear, freezing, mechanical or electrical breakdown, or structural failure caused by material fatigue, decomposition, or corrosion⊠

(ii) Blowouts, punctures, or other road damage to tires⊠

## LIMIT OF INSURANCE AND DEDUCTIBLE

The most **we** will pay for **loss** to any one **trailer** is the least of the following amounts minus any applicable deductible shown on the **declarations page**:

a⊠ The actual cash value of the damaged or stolen property at the time of the **loss**;

b⊠ The amount necessary to replace the stolen or damaged property with other of like kind and quality;

c⊠ The amount necessary to repair the damaged property to its pre-loss condition; or

d⊠ The applicable Limit of Liability for the property as shown on the **declarations page**⊠

A single deductible will be applied to any **loss**⊠In the event there are different deductible amounts applicable to the **loss**, the higher deductible will be applied⊠In all events, the deductible will be applied against the limit of liability⊠If a **loss** involves another coverage added by endorsement to the policy, only one deductible will apply to the entire **loss** event⊠No deductible will apply to payments made under the Additional Payments section for expenses necessary to return a stolen **trailer** to **you**⊠

## OTHER INSURANCE

The insurance provided for a **loss** to a non-owned **trailer** is primary⊠

If coverage under more than one policy applies on the same basis, **we** will pay only **our** proportionate share⊠**Our** proportionate share is the proportion that the Limit of Liability of this policy bears to the total of the limits of all the Coverage Forms and policies covering on the same basis⊠

## ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.

## ANY AUTOMOBILE LEGAL LIABILITY COVERAGE ENDORSEMENT

Except as specifically modified by this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

### CHANGES TO PART I—LIABILITY TO OTHERS

I. The following changes are made to the Additional Definitions Used in This Part Only section:

A. The definition of "**insured auto**" is modified to include:

1. **Hired autos**;
2. **Non-owned autos**; and
3. Any other **autos** owned by **you**:
   a. only while being used in the conduct of **your** business; and
   b. that do not qualify as either **hired autos** or as **non-owned autos**.

However, this modification to the definition of **insured auto** applies to any **auto** acquired prior to the current policy period. But, for any type of **auto** that **you** acquire during the current policy period, this modification extends coverage to that **auto** during the remainder of the policy period.

B. The following definitions are added:

1. "**Hired auto**" means an **auto**:
   a. **you** lease, hire, rent or borrow; or
   b. **your employee** leases, hires or rents:
      i. under a contract in that individual **employee's** name;
      ii. at **your** direction and with your express permission; and
      iii. only while being used in the conduct of **your** business.
   However, this does not include any **auto you** or an **employee** leases, hires, rents or borrows from any of **your employees**, partners (if **you** are a partnership), members (if **you** are a limited liability company), or member of their households.

2. "**Non-owned auto**" means an **auto:**
   a. that **you** do not own;

b．  that is not a **hired auto**; and

c．  that is being used by **you** in connection with **your** business．
This includes **autos** owned by **your employees,** partners (if **you** are a partnership), members (if **you** are a limited liability company), or members of their households, but only while such **autos** are used in **your** business．

II．  The first paragraph under the Limit of Liability section is deleted and replaced by the following:

Regardless of the number of premiums paid, or the number of **insured autos** or **trailers**, or the number of policies issued by **us**, or the number of vehicles or **insureds** involved in an **accident**, or the number of claims or lawsuits arising out of an **accident**, **we** will pay no more than the limit of liability shown on the **declarations page** for the coverage provided by this endorsement．

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED.**



1781 AL 0219

